STATE OF CONNECTICUT *v.* ONE 1976 CHEVROLET VAN
(7399)

BORDEN, SPALLONE and DALY,. Js.

Argued May 4—decision released July 25, 1989

*Richard Paladino,* for the appellant (defendant owner).

*Judith Rossi,* assistant state's attorney, with whom, on the brief, were *John Redway,* state's attor-

ney, and *Timothy Liston,* assistant state's attorney, for the appellee (state).

DALY, J. The defendant, Timothy Rickards,[1] is the owner of a 1976 Chevrolet van that was the subject of an in rem proceeding by the state pursuant to General Statutes § 54-33g.[2] He appeals from the trial court's judgment ordering forfeiture of the vehicle.

The following facts are not in dispute. On March 4, 1988, the defendant was arrested without a warrant during an undercover drug investigation in Old Saybrook and charged with possession with intent to sell marihuana in violation of General Statutes § 21a-278 and conspiracy to sell marihuana in violation of General Statutes §§ 21a-277 (b) and 53a-48 (a). In

[1] Although technically the in rem proceeding was brought against the vehicle, we refer to Rickards as the defendant because General Statutes § 54-33g (b) provides that if the property's owner appears "he shall be made a party defendant in such case."

[2] General Statutes § 54-33g (a) provides in relevant part: "When any property believed to be possessed, controlled, designed or intended for use or which is or has been used or which may be used as a means of committing any criminal offense has been seized as a result of a search incident to an arrest, a warrantless arrest or a search warrant, which the state claims to be a nuisance and desires to have destroyed or disposed of in accordance with the provisions of this section, the judge or court issuing the warrant or before whom the arrested person is to be arraigned shall, within ten days after such seizure, cause to be left with the owner of, and with any person claiming of record a bona fide mortgage, assignment of lease or rent, lien or security interest in, the property so seized, or at his usual place of abode, if he is known, or, if unknown, at the place where the property was seized, a summons notifying the owner and any such other person claiming such interest and all others whom it may concern to appear before such judge or court, at a place and time named in such notice, which shall be not less than six nor more than twelve days after the service thereof, then and there to show cause why such property should not be adjudged a nuisance and ordered to be destroyed or otherwise disposed of as herein provided. Such summons may be signed by a clerk of the court or his assistant and service may be made by a local or state police officer. It shall describe such property with reasonable certainty and state when and where and why the same was seized."

connection with the arrest, the state seized the van and instituted in rem proceedings against it. The defendant was notified of the proceedings by summons on March 7, 1988, and ordered to appear in court for a show cause hearing on March 16, 1988. On March 15, 1988, while the defendant was present in court, the trial court, *Klaczak, J.,* transferred the criminal case and the in rem action from geographical area number nine to the judicial district of Middlesex at Middletown, and rescheduled the in rem hearing date to April 4, 1988.

On April 4, 1988, the court continued the hearing to April 18, 1988, due to the unavailability of the state's toxicology report. The hearing was continued again on April 18 because the report was still unavailable.

The defendant pleaded not guilty to the criminal charges on May 9, 1988, and, two days later, filed his motion for return of the seized vehicle. On May 23, 1988, the trial court held a pretrial conference for the in rem action and scheduled the hearing for May 26, 1988. On that date, the court continued the hearing to June 7, 1988, because the prosecutor handling the in rem action was engaged in a trial.

The in rem hearing was held before the court on June 7, 1988. The trial court found that the vehicle was used to transport six pounds of marihuana to the location of an anticipated sale. The court concluded that the van was used to violate General Statutes § 21a-277 (b) and declared it a nuisance.

The defendant raises two issues on appeal that stem from the alleged failure of the trial court to hold the in rem hearing within the six day time period set forth in General Statutes § 54-33g. He claims, because the court did not hold the show cause hearing within that time frame, (1) that the court lacked subject matter jurisdiction to hear the action, and (2) that his due pro-

cess rights under both the federal and state constitutions were violated. We find no error.

General Statutes § 54-33g (a) provides, inter alia, that once property has been seized pursuant to the commencement of in rem proceedings, the owner shall be notified of the seizure by summons within ten days. The summons commands the owner to appear in court to show cause why the property should not be adjudged a nuisance and ordered to be destroyed or disposed of. The statute requires that the defendant be summoned to appear in court at a particular time, which "shall not be less than six nor more than twelve days" after the service of the summons. The statute does not require that the hearing that follows that appearance also occur within the same twelve day period.

The success of the defendant's claims on appeal hinges upon his theory that the use of the word "shall" constitutes a promptness requirement that absolutely mandates that a show cause hearing be held within six to twelve days after service of the summons. We find this argument to be unavailing.

This court recently stated that although the use of the word "shall" in a statute is significant, it does not automatically create a mandatory duty. *Ruotolo* v. *Inland Wetlands Agency,* 18 Conn. App. 440, 448, 558 A.2d 1021 (1989). Rather, the statute must be viewed as a whole in order to ascertain the legislative intent. Id.

"It is well settled that one of the more reliable guides in determining whether a statutory provision is directory or mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision." Id., citing *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967). A reading of General Statutes § 54-33g (a) reveals nothing that suggests that a trial court's actions will be void if the hearing

to show cause is not held within six to twelve days after service of the summons. The purpose of an in rem statute is " 'to exercise the sovereign power to forfeit property shown to have been involved in an illegal enterprise.' " *State* v. *One 1981 BMW Automobile,* 5 Conn. App. 540, 542–43, 500 A.2d 961 (1985), quoting *State* v. *Bucchieri,* 176 Conn. 339, 348, 407 A.2d 990 (1978). The hearing provides the defendant with the opportunity to contest the seizure of his property; the provisions relating to the time limits safeguard the right to a hearing at a meaningful time in a meaningful manner. See, e.g., *Williams* v. *Bartlett,* 189 Conn. 471, 479, 457 A.2d 290 (1983). Viewed in this context, it makes "little sense to conclude that the legislature intended the [time] period to be mandatory." *Ruotolo* v. *Inland Wetlands Agency,* supra, 449. A rigid construction of the time frame provision would permit an owner of seized property to defeat the forfeiture on grounds, legitimate or otherwise, that require delay or continuance of the hearing beyond the twelve day limit. We eschew the defendant's proposed statutory interpretation of § 54-33g (a) because it would lead to a bizarre result. See *State* v. *Parmalee,* 197 Conn. 158, 165, 496 A.2d 186 (1985). Accordingly, we conclude that this provision does not set a time limit on the date of a forfeiture hearing.

Because we conclude that the time limit provision in § 54-33g (a) is directory, and not mandatory, the defendant's first claim must fail. The fact that the hearing did not take place within twelve days after service of the summons did not divest the trial court of its jurisdiction. Moreover, we note that jurisdiction, once acquired, is not lost or divested by subsequent events. *Bailey* v. *Mars,* 138 Conn. 593, 601, 87 A.2d 388 (1952). Our review of the record indicates that the in rem proceedings were commenced in accordance with the statutory requirements; hence, the court had subject matter

jurisdiction. See *State* v. *Tedesco,* 175 Conn. 279, 286, 397 A.2d 1352 (1978); *Robinson* v. *ITT Continental Baking Co.,* 2 Conn. App. 308, 310–11, 478 A.2d 265 (1984).

The defendant's final claim is that his due process rights[3] were violated by the state's three month delay in holding the hearing. We disagree.

In *United States* v. *$8,850 in United States Currency,* 461 U.S. 555, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983), the United States Supreme Court established a balancing test for determining whether a delay in instituting forfeiture proceedings after the subject property has been seized is unreasonable and, therefore, violative of due process. The court adopted the test set forth in *Barker* v. *Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), which requires a weighing of four factors: the length of the delay, the reason for the delay, the claimant's assertion of the right to a hearing and the prejudice to the claimant because of the delay. *United States* v. *$8,850 in United States Currency,* supra, 564. Although the *Barker* test was formulated to determine when a government delay has abridged a sixth amendment right to a speedy trial, the court noted that the fifth amendment due process claim mirrored the concern of undue delay encompassed in the right to a speedy trial. Id. Thus, the court held that "[t]he Barker balancing inquiry provides an appropriate framework for determining whether the delay . . . violated the due process right to be heard at a meaningful time." Id.

"The length of the delay is the triggering factor in the due process analysis." *United States* v. *$199,514 in*

---

[3] In his brief, the defendant cites to both the fourteenth amendment of the federal constitution and to article first, § 8, of the Connecticut constitution. He fails, however, to provide a separate analysis of these claims. We decline to undertake such analysis. *State* v. *Enright,* 17 Conn. App. 142, 147 n.4, 550 A.2d 1095 (1988).

*United States Currency,* 681 F. Sup. 1109, 1111 (E.D.N.C. 1988); see also *United States* v. *One 1980 Mercedes Benz 500 SE,* 772 F.2d 602, 606–607 (9th Cir. 1985). A six month delay from the date of the seizure to the date of the hearing has been held to be so short that due process analysis is not even triggered. *United States* v. *$199,514 in United States Currency,* supra; see also *United States* v. *One 1973 Dodge Van,* 416 F. Sup. 43 (E.D. Mich. 1980). We conclude that the three month delay in this case was not unreasonable.[4]

The second element to be considered in this analytical framework is the reason for the delay. "Only unjustified delay raises a due process concern and then only when the delay is excessive and [the] claimant can demonstrate prejudice." *United States* v. *$199,514 in United States Currency,* supra. We conclude that the state's reasons for the delay were justified in this case.

The first continuance, due to the transfer of the proceedings to the Middlesex judicial district from geographical area number nine, was legitimate as it was "related to the administration and enforcement of law." *United States* v. *$47,980 in Canadian Currency,* 804 F.2d 1085, 1089 (9th Cir. 1986), cert. denied, 481 U.S. 1072, 107 S. Ct. 2469, 95 L. Ed. 2d 878 (1987). The continuances to obtain the toxicology reports from the state laboratory also were justified. Without the reports, the state could not determine whether the vehi-

---

[4] Although some courts have refused to analyze the remaining elements of the test once it has determined that the length of delay was insufficient to be deemed presumptively unreasonable; *United States* v. *Nance,* 666 F.2d 353, 360 (9th Cir.), cert. denied, 456 U.S. 918, 102 S. Ct. 1776, 72 L. Ed. 2d 179 (1982); we note that the Supreme Court stressed that the elements of the test are "guides in balancing the [competing interests] to assess whether the basic due process requirement of fairness has been satisfied in a particular case." *United States* v. *$8,850 in United States Currency,* 461 U.S. 555, 565, 103 S. Ct. 2005, 76 L. Ed. 2d 143 (1983). Accordingly, we read this language to require an assessment and weighing of all four elements of the test.

cle was used to transport illegal drugs. "Both the Government and the claimant have an interest in a rule that allows the Government some time to investigate the situation in order to determine whether the facts entitle the Government to forfeiture so that, if not, the Government may return the [property] without formal proceedings." *United States* v. *$8,850 in United States Currency,* supra, 565. The final delay in holding the hearing also was justified. This twelve day delay was due to the fact that the prosecutor was in the midst of a trial. "Due process is flexible and calls for such procedural protections as the particular situation demands." *Morrisey* v. *Brewer,* 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). Due process, therefore, does not require our courts to ignore the practical realities of scheduling conflicts inherent in our overburdened court system. We conclude that the state's reasons for the delay were substantial and justified.

The third element is the defendant's assertion of the right to a hearing. A failure diligently and timely to pursue this right will weigh against a defendant in the balancing test. *United States* v. *$8,850 in United States Currency,* supra, 569. In the present case, the defendant, on March 31, 1988, filed an answer to the in rem complaint. This answer contained a special defense, alleging lack of subject matter jurisdiction due to the failure to provide a prompt hearing. On April 5, 1988, the defendant filed an amended answer that contained the additional defense of the alleged due process violation. It is clear that the defendant first asserted his right to a hearing on March 31, 1988, despite the fact that he had agreed to a continuance of the matter on March 15, 1988, to April 4, 1988. Although the defendant acquiesced in the preliminary delay, we cannot conclude that the defendant was dilatory in asserting his right.

The final element is whether the defendant has been prejudiced by the delay. "This is probably the most important element . . . because without any prejudice there is no injury to the claimant." *United States v. $199,514 in United States Currency,* supra, 1112. The defendant claims that the deprivation of the use of the vehicle amounts to "sufficient prejudice." He has failed to articulate any specific prejudice suffered from the delay. This bare allegation of prejudice is insufficient to tip the balance in his favor on this element.

We conclude that the delay in this case was short, justified and caused no prejudice to the defendant. Although it is true that the defendant asserted his right to a hearing, this factor is outweighed on balance by the other three. Accordingly, no due process violation occurred.

There is no error.

In this opinion the other judges concurred.