ERNEST CARON ET AL. *v.* INLAND WETLANDS
AND WATERCOURSES COMMISSION OF THE
TOWN OF BERLIN ET AL.
(8837)

O'CONNELL, LAVERY and LANDAU, Js.

Argued December 7, 1990—decision released June 18, 1991

*Charles W. Bauer,* for the appellants (plaintiffs).

*E. Timothy Sullivan, Jr.,* corporation counsel, for the
appellees (named defendant et al.).

LANDAU, J. Pursuant to General Statutes (Rev. to 1987) § 22a-42a (c), as amended by Public Acts 1987, No. 87-533, § 6,[1] the plaintiffs, Ernest and Florine Caron, applied to the defendant Berlin inland wetlands and watercourses commission[2] for a permit to place fill and to construct drainage systems and roadways for a proposed residential subdivision. The application was stamped received on October 20, 1988, and the commission's next regularly scheduled meeting was

[1] General Statutes (Rev. to 1987) § 22a-42a (c) as amended by Public Acts 1987, No. 87-533, § 6, provides in pertinent part: "Any person proposing to conduct or cause to be conducted a regulated activity upon an inland wetland and watercourse shall file an application with the inland wetlands agency of the town or towns wherein the wetland in question is located. The application shall be in such form and contain such information as the inland wetlands agency may prescribe. The day of receipt of an application shall be the day of the next regularly scheduled meeting of such inland wetlands agency, immediately following the day of submission to such inland wetlands agency or its agent of such application, provided such meeting is no earlier than three business days after receipt, or thirty-five days after such submission, whichever is sooner. No later than sixty-five days after the receipt of such application, the inland wetlands agency may hold a public hearing on such application. Notice of the hearing shall be published at least twice at intervals of not less than two days, the first not more than fifteen days and not fewer than ten days, and the last not less than two days before the date set for the hearing in a newspaper having a general circulation in each town where the affected wetland and watercourse, or any part thereof, is located. All applications and maps and documents relating thereto shall be open for public inspection. At such hearing any person or persons may appear and be heard. The hearing shall be completed within forty-five days of its commencement. Action shall be taken on applications within thirty-five days after the completion of a public hearing or in the absence of a public hearing within sixty-five days from the date of receipt of such application."

This version of § 22a-42a (c) was codified in the 1989 revision of the General Statutes. For the purposes of this opinion, we will refer to that revision as the applicable statute.

[2] Also named as defendants were Clyde Selner, chairman of the Berlin inland wetlands and watercourses commission, the town of Berlin, Joanne Ward, Berlin town clerk, and Leslie Carothers, commissioner of the department of environmental protection. The department of environmental protection is not a party to this appeal.

November 1, 1988. The plaintiffs requested and were granted a continuance. The commission considered the plaintiffs' application on December 6, 1988, and on January 3, 1989, voted to hold a public hearing on the application. The commission scheduled the public hearing for February 7, 1989, and published notice of the hearing on January 24, 1989. The commission denied the plaintiffs' application on February 14, 1989, and the plaintiffs appealed the commission's decision to the Superior Court.

On January 11, 1990, the trial court found that the commission had failed to give proper notice of the public hearing. The court remanded the case to the commission for a new hearing after proper notice and did not render judgment on the plaintiffs' other claims. The plaintiffs agree that notice was improper. They assert, however, that the court's determination of improper notice is irrelevant because their application is subject to automatic approval. Because we hold that the commission's failure to act within the requisite time period did not result in automatic approval, we conclude that the trial court properly remanded the case to the commission for a new hearing.

Before addressing the merits of the plaintiffs' claim, we will first identify the applicable statutes and regulations. After the defendant denied the plaintiffs' application, and before the trial court rendered its decision, General Statutes (Rev. to 1989) § 22a-42a (c) was amended. Public Acts 1989, No. 89-356, § 16 (hereafter Public Act 89-356), added the following provision to § 22a-42a (c): "The failure of the inland wetlands agency . . . to act within any time period specified in this subsection, or any extension thereof, shall not be deemed to constitute approval of the application."

In accordance with our rules of statutory interpretation, this case is governed by the laws that were in

effect when it arose and not as they presently exist. Unless the amendment is procedural in impact, is intended to clarify the original intent of an earlier statute, or specifically contains a provision to the contrary, it is presumed that legislation is intended to operate prospectively. *Mulrooney* v. *Wambolt,* 215 Conn. 211, 216, 575 A.2d 996 (1990); *Board of Education* v. *Freedom of Information Commission,* 210 Conn. 590, 594–95, 566 A.2d 592 (1989); *Darak* v. *Darak,* 210 Conn. 462, 467–68, 556 A.2d 145 (1989). The amendment does not have a procedural impact and neither the legislative history nor the statutory language of Public Acts 1989, No. 89-356, § 16, indicates that the amendment is to be applied retroactively. Because Public Acts 1989, No. 89-356 does not qualify for one of these exceptions, it must be applied prospectively.

In addition, the Inland Wetlands and Watercourses Regulations of the town of Berlin were amended and became effective on August 2, 1990, after the plaintiffs filed their application. This amendment to the regulations revises the time periods set forth in § 5.6 of the Inland Wetlands and Watercourses Regulations. General Statutes § 22a-42e provides that applications filed with the inland wetlands agency need not comply with any subsequent changes to the regulations.[3] This case,

---

[3] General Statutes § 22a-42e provides: "An application filed with an inland wetlands agency which is in conformance with the applicable inland wetlands regulations as of the date of the decision of such agency with respect to such application shall not be required thereafter to comply with any change in inland wetlands regulations, including changes to setbacks and buffers, taking effect on or after the date of such decision and any appeal from the decision of such agency with respect to such application shall not be dismissed by the superior court on the grounds that such a change has taken effect on or after the date of such decision. The provisions of this section shall not be construed to apply (1) to the establishment, amendment or change of boundaries of inland wetlands or watercourses or (2) to any change in regulations necessary to make such regulations consistent with the provisions of this chapter as of the date of such decision."

therefore, is governed by the regulations that were in effect when the plaintiffs filed their application.

We do not agree with the defendant's assertion that the plaintiffs failed to raise the issue of the commission's noncompliance with their regulations in their appeal to the Superior Court. The record reveals that the plaintiffs claimed that the commission "did not hold a public hearing within sixty-five days after receipt of [the plaintiffs'] application." This sixty-five day time period is applicable to both General Statutes § 22a-42a (c) and § 5.6 of the Inland Wetlands and Watercourses Regulations of the town of Berlin. The defendants, therefore, had sufficient notice that the regulations would be at issue. *Farrell* v. *St. Vincent's Hospital,* 203 Conn. 554, 557–58, 525 A.2d 954 (1987); *Board of Education* v. *Commission on Human Rights & Opportunities,* 177 Conn. 75, 77–78, 411 A.2d 40 (1979).

The plaintiffs claim that, pursuant to General Statutes (Rev. to 1989) § 22a-42a (c), the date of receipt for their application is November 1, 1988, and that the commission, therefore, failed to act within the statutorily required time period. They further assert that this failure should result in the automatic approval and granting of their application.

In order to determine whether the plaintiffs' application was automatically approved, we must determine whether, prior to amendment, the time periods set forth in General Statutes (Rev. to 1989) § 22a-42a (c) and § 5.6 of the Inland Wetlands and Watercourses Regulations of the town of Berlin were directory or mandatory. Regulations have the force and effect of statutes

This statute effectively overrules the proposition articulated in *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 223–24, 492 A.2d 508 (1985), that the inland wetlands regulation in effect when a court decides an appeal is controlling.

and are construed in accordance with accepted rules of statutory construction. *Gianetti* v. *Norwalk Hospital,* 211 Conn. 51, 60, 557 A.2d 1249 (1989).

General Statutes (Rev. to 1989) § 22a-42a (c) provided in pertinent part: "No later than sixty-five days after the receipt of such application, the inland wetlands agency may hold a public hearing on such application. . . . Action shall be taken on applications within thirty-five days after the completion of a public hearing or in the absence of a public hearing within sixty-five days from the date of receipt of the application." When the plaintiffs filed their application, § 5.6 (a) of the Inland Wetlands and Watercourses Regulations provided that "[a]ll public hearings shall commence not sooner than thirty (30) days nor later than (65) sixty-five days after receipt of a complete application." This sixty-five day time period is similar to and is in conformance with General Statutes § 22a-42a (c).

Although the use of the word "shall" is significant, it does not automatically create a mandatory duty. *Hall Manor Owner's Assn.* v. *West Haven,* 212 Conn. 147, 152, 561 A.2d 1373 (1989); *State* v. *One 1976 Chevrolet Van,* 19 Conn. App. 195, 198, 562 A.2d 62 (1989); *Ruotolo* v. *Inland Wetlands Agency,* 18 Conn. App. 440, 448, 558 A.2d 1021 (1989); see *Fidelity Trust Co.* v. *BVD Associates,* 196 Conn. 270, 278, 492 A.2d 180 (1985); *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967). Rather, the test for determining whether a statutory requirement is mandatory or directory is whether the provision "relates to [a] matter of substance or to [a] matter of convenience." *Donohue* v. *Zoning Board of Appeals,* supra; see also *Hall Manor Owner's Assn.* v. *West Haven,* supra, 152–53; *Fidelity Trust Co.* v. *BVD Associates,* supra; *Ruotolo* v. *Inland Wetlands Agency,* supra, 447–48. Provisions relating to matters of substance are

mandatory, whereas provisions "designed to secure order, system and dispatch in the proceedings [are] generally held to be directory, especially when the requirement is stated in affirmative terms unaccompanied by negative words." *Fidelity Trust Co.* v. *BVD Associates,* supra. Because this provision relates to the orderly dispatch of proceedings and does not contain language expressly invalidating any action taken after noncompliance with the provision, we conclude that these time periods are directory and not mandatory.[4] *State* v. *One 1976 Chevrolet Van,* supra, 198–99; *Ruotolo* v. *Inland Wetlands Agency,* supra, 448–49; see also *Donohue* v. *Zoning Board of Appeals,* supra, 554–55. Therefore, there is no basis for concluding that the plaintiffs' application was automatically approved.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] The plaintiffs direct our attention to General Statutes § 8-26 to support their contention that failure to comply with the time periods set forth in General Statutes (Rev. to 1989) § 22a-42a (c) results, by analogy, in automatic approval of their application. Section 8-26 pertains to subdivision applications and provides in pertinent part that "[a]ll plans for subdivisions and resubdivisions . . . shall be submitted to the commission with an application in the form to be prescribed by it. . . . The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand. . . ." Section 8-26 not only pertains to a different, although related, area of the law, but specifically contains invalidating language that is not included in General Statutes (Rev. to 1989) § 22a-42a (c). See also *Vartuli* v. *Sotire,* 192 Conn. 353, 363–64, 472 A.2d 336 (1984).