[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an in rem proceeding held pursuant to Conn. Public Act No. 93-265 as amended by Conn. Public Act No. 93-398 to determine the disposition of a 1985 Toyota Camry which was seized by the Hartford Police Department on November 19, 1993. This seizure was made incident to the arrest of Tolbert Smothers for a violation of Conn. Public Act. No. 93-265, Section 2, patronizing a prostitute from a motor vehicle.
Tolbert Smothers is the registered owner of the motor vehicle. Mr. Smothers was summoned to appear in court on December 14, 1993 pursuant to Conn. Public Act No. 93-398, section 2. (a). Pursuant to the state's request, the matter was continued on that date until December 16, 1993 for an evidentiary hearing.
Tolbert Smothers appeared on December 16, 1993 and was represented by counsel. The state called two Hartford Police Department officers as witnesses, and rested its case. Counsel for Tolbert Smothers elected not to call any witnesses and rested. During the course of the final argument counsel for Mr. Smothers moved the court to dismiss the forfeiture proceeding on the basis that the evidentiary hearing was held more than twenty days after service of the, summons in the instant matter. Conn. Public Act No. 93-398 section 2.(a).
Subsequent to the evidentiary hearing, the court entered a scheduling order which provided the parties with an option to submit a memorandum of law on or before December 17, 1993. Only the state elected to file a memorandum with the court.
The court, having considered the entire record of this case, denies the motion to dismiss, finds that the state has sustained its burden of proof and orders that the vehicle not be returned to Tolbert Smothers pending the disposition of the criminal charge. Conn. Public Act No. 93-398, section 2. (c)(d).
Facts
During the early morning hours of November 19, 1993, the Hartford Police Department conducted an undercover "sting" operation on Ashley Street. The purpose of the operation was to identify and arrest persons who sought to patronize CT Page 124 prostitutes. The operation entailed the use of a female police officer decoy who posed as a prostitute. The female officer was equipped with a radio transmitting device which was monitored by other officers.[1]
At approximately 12:55 a.m. on the aforementioned date, a tan colored 1985 Toyota Camry traveling east bound on Ashley Street stopped in the vicinity of Detective Gamble who was standing on the south curb of the street. Once the vehicle came to a stop, Detective Gamble approached it from the passenger side. The driver and sole occupant opened the window. The detective then engaged in a conversation with the driver. During the course of this conversation, the driver, while seated in the vehicle, offered the detective seven dollars in exchange for oral sex. Upon this occurrence, other police officers who had maintained both a visual and audio surveillance moved in and effected the arrest of the driver and the seizure of the 1985 Toyota Camry bearing vehicle identification number JT2SV16E9F0303539.
The driver was subsequently identified as Tolbert Smothers of 4 Shepard Road, Bloomfield, Connecticut. The vehicle in question is owned by Mr. Smothers. There are no co-owners or lienholders.[2]
On November 24, 1993, Detective Scarnell made an abode service of the summons upon Mr. Smothers at 4 Shepard Road, Bloomfield, Connecticut. The summons commanded Mr. Smothers to appear in court on December 14, 1993. On that date, neither Mr. Smothers or his attorney were present. The State's Attorney requested a two day continuance until December 16, 1993, and represented than opposing counsel had no objection no such a request. Therefore, the court granted the State's request.
On December 16, 1993 the parties appeared with counsel, and an evidentiary hearing was conducted. During the course of the final argument, counsel for Mr. Smothers moved' the court to dismiss the forfeiture proceeding for reasons that the evidentiary hearing was conducted in excess of twenty days following service of the summons. Conn. Public Act No. 93-398, section 2.(a).[3]
Discussion CT Page 125
A. Ruling on Motion to Dismiss
The pending motion to dismiss challenges the court's subject matter jurisdiction. Conn. Practice Book 145 provides: "[a]ny claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The court lacks "subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180,554 A.2d 728 (1989). The issue which must be resolved is whether the law requires, as a prerequisite to the court's jurisdiction, that an evidentiary hearing be held not more than twenty days after service of the summons. See, Lampasona v. Jacobs, 209 Conn. 724, 728, 553 A.2d 175 (1989).
The pertinent portion of the statute which is at issue is Conn. Public Act No. 93-398, section 2. (a). It provides in relevant part:
 When any motor vehicle which may have been used in a violation of section 2 of PUBLIC ACT 93-265 has been seized as a result of a lawful arrest for a violation of said section and which the state seeks to have destroyed or disposed of in accordance with the provisions of this section, the law enforcement agency arresting the person accused of violating section 2 of PUBLIC ACT 93-265 shall, within ten days after such seizure, cause to be left with the owner of, and with any person claiming of record a bona fide lien, lease or security interest in the vehicle so seized as of the date of seizure, or at his usual place of abode, a summons notifying the owner and any such other person claiming such interest that the motor vehicle has been seized, that the owner or his agent, permittee or lessee may secure release of the motor vehicle upon substitution of a bond as provided in section 5 of PUBLIC ACT 93-265 and that the owner or other interested person shall appear before such judge or court at a place and time named in such notice which shall be not less than CT Page 126 ten nor more than twenty days after the service thereof. (Emphasis added).
It is a firmly established rule of statutory construction that, "if a statute is clear and unambiguous, there is no room for construction. . . . [W]hen the statutory language is clear and unambiguous, it is from that source that we deduce the intent of the legislature." (citations omitted). Nichols v. Warren, 209 Conn. 191, 196, 550 A.2d 309 (1988).
A plain reading of the statute mandates the court to conclude all that is required is that the owner of the vehicle be summoned to appear in court at a particular time "which shall be not less than ten nor more than twenty days after the service thereof." Conn. Public Act No. 95-398, supra. The statute does not, however, mandate that the evidentiary hearing which follows be held within the same twenty day period of time. The summons serves several purposes, including notification to the owner that the vehicle has been seized and that its release may be secured upon the substitution of a bond.
In the present case, Mr. Smothers was summoned on November 24, 1993, to appear in court on December 14, 1993. The date of December 14, 1993, is exactly twenty days after service of the summons.[4] The statutory language of the Public Act is virtually identical to the language found in Conn. Gen. Stat. 54-33g. The Appellate Court in State v. One 1976 Chevrolet Van, 19 Conn. App. 195, 198, 562 A.2d 62 (1989) in response to the same argument advanced by the defendant, held that the hearing was not required to be held within the specified twelve day period of time following service of the summons. In so doing, the court denied the defendant's motion to dismiss.
Further even assuming arguendo, that Mr. Smothers is correct in arguing that the statute provides for an evidentiary hearing within the twenty day time period, it does not necessarily follow that the forfeiture proceeding should be dismissed based on that ground. As the court articulated in State v. One 1976 Chevrolet Van, supra, when examining analogous language in 54-33g, "although the use of the word `shall' in a statute is significant, it does not automatically create a mandatory duty. Rather, the statute must be viewed as a whole in order to ascertain the legislative intent." CT Page 127 (Citation omitted). Id. p. 198. The court reasoned, "that one of the more reliable guides in determining whether a statutory provision is directory or mandatory is whether the provision is accompanied by language that expressly invalidates any action taken after noncompliance with the provision." (Citation omitted). Id. p. 198.
In the present case, there is nothing within the statutory framework of Conn. Public Act No. 93-398 to suggest that the court lacks subject matter jurisdiction over the forfeiture proceedings for failure to conduct the evidentiary hearing within twenty days after service of the summons. Therefore, the motion to dismiss is denied.
B. Ruling on the Disposition of Vehicle Pending Resolution of the Criminal Charge.
When the State seeks forfeiture of a motor vehicle, Conn. Public Act No. 93-398, section 2.(b) requires that a hearing be held. This hearing is "deemed a civil suit in equity." Id. At this hearing, "the prosecuting authority shall have the burden of proving all material facts by clear and convincing evidence." Id.
This standard of proof has been defined as:
 ". . . a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they false or do not exist."
Wildwood Associates, Ltd. v. Esposito, 211 Conn. 36, 42,557 A.2d 1241 (1989), quoting from Dacey v. Connecticut Bar Assn.,170 Conn. 520, 536-37, 368 A.2d 125 (1976).
The material facts which must be proven are that "the motor vehicle was used in a violation of section 2 of Public CT Page 128 Act 93-265 and that such owner or interested person knew should have reasonably known that such motor vehicle was being used or was intended to be used in violation of Section 2 of Public Act 93-265 . . . ." Conn. Public Act No. 93-398, Section 2.(b).
Section 2 of Conn. Public Act 93-265 provides as follows in relevant part:
 (a) A person is guilty of patronizing a prostitute from a motor vehicle when he, while occupying a motor vehicle: (1) Pursuant to a, prior understanding, pays a fee to another person as compensation for such person or a third person having engaged in sexual conduct with him; or (2) pays or agrees to pay a fee to another person pursuant to art understanding that in return therefor such person or a third person will engage in sexual conduct with him; or (3) solicits or requests another person to engage in sexual conduct with him in return for a fee; or (4) engages in sexual conduct for which a fee was paid or agreed to be paid.
The law as applied to the facts of this case requires the court to conclude that the State has, by clear and convincing evidence, proven that on November 19, 1993 at approximately 12:55 a.m. Tolbert Smothers, while occupying his 1985 Toyota Camry solicited sex and agreed to pay seven dollars to Detective Gamble pursuant to an understanding that she would engage in oral sex with him.
Tolbert Smothers violated Section 2 of Conn. Public Act 93-265 by offering Detective Gamble money in exchange for engaging in sexual conduct with him, and he did so while he was in the vehicle. Clearly, from these facts it can be inferred that Smothers knew or should have reasonably known that he was using, and intended to use, the vehicle to violate the Public Act. Accordingly, Tolbert Smothers is not entitled to the return of the 1985 Toyota Camry pending the disposition of the criminal charge, Conn. Public Act No. 93-308, Section 2(c)(d).
Conclusion CT Page 129
Based upon the foregoing, this court denies the motion to dismiss and finds that the State has proven by clear and convincing evidence that the 1985 Toyota Camry was used on November 19, 1993 by Tolbert Smothers in violation of Conn. Public Act No. 93-398, Section 2(b).
Accordingly, it is ordered that the vehicle not be returned to Tolbert Smothers pending the disposition of the criminal charge, Conn. Public Act No. 93-398, Section 2(c)(d).
By The Court,
Peter Emmett Wiese, J.