[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION ON DEFENDANT'S MOTION TO DISMISS
 BACKGROUND
The present action concerns a forfeiture brought by the State of Connecticut pursuant to General Statutes § 54-36h.
On April 9, 1997, members of the Ansonia police department seized, among other items, $28,194.63 in United States currency from the named defendant, Walter Day. On June 6, 1997, the State filed a petition for forfeiture of the currency. Subsequently, however, it was discovered that the property seized, including the above mentioned currency, was missing and no longer in the physical custody of the Ansonia police department.
On November 3, 1998, the defendant filed a motion to dismiss the forfeiture action on the ground that the seized property no longer existed and, therefore, the court lacked subject matter jurisdiction and could not act any further on the in rem proceeding. The state filed an objection to this motion to dismiss, arguing that since the court properly acquired jurisdiction over the res in the first instance, this jurisdiction was not lost by the fact that the res was missing. This court, Sylvester, J., denied the motion to dismiss on December 12, 1998.
On January 6, 1999, the defendant filed a motion to articulate the reasoning of the court in order to preserve the record for purposes of an appeal. Specifically, the defendant asked that the court articulate its findings as to the existence of the res and as to how the court could maintain jurisdiction in equity over the missing property. Additionally, the defendant asked that the court articulate whether the court relied on any of the plaintiff state's arguments in opposition to the motion to dismiss.[1]
The court granted the motion to articulate.
 ARTICULATION
CT Page 4795
A forfeiture proceeding is separate and independent from the criminal action. State v. Ortiz, Superior Court, judicial district of New Haven at New Haven, Docket No. 351435 (March 19, 1992, Levin, J.), citing State v. Kaufman, 201 N.W.2d 722, 724
(Iowa 1972). The nature of a foreclosure proceeding pursuant to § 54-36h is "in rem." General Statute § 54-36h(b). "The purpose of an in rem statute is to exercise the sovereign power to forfeit property shown to have been involved in an illegal enterprise. . . ." (Citations omitted; internal quotation marks omitted.) State v. One 1976 Chevrolet Van, 19 Conn. App. 195,199 (1989).
In the present case, the defendant does not seem to dispute the fact that the court originally had jurisdiction over the seized currency once the state proceeded to initiate the forfeiture pursuant to the procedures set forth by statute. Since "in rem jurisdiction is based upon a court's control over a res rather than a defendant as a person;" Hayes v. Smith,194 Conn. 52, 64, 480 A.2d 425 (1984); the defendant argues the court no longer has jurisdiction over the forfeiture because the subject of the forfeiture no longer exists. In support of this argument, the defendant relies on the reasoning that "to institute and perfect forfeiture proceedings in rem, it is necessary that the thing should be actually or constructively within the reach of the court." The Brig Ann, 13 U.S. (9 Cranch) 289, 3 L.Ed. 714
(1815).
In The Brig Ann, a brig was seized in Long Island Sound and brought into the port of New Haven where the collector took possession of the brig as forfeited to the United States. Subsequently, however, the collector gave written orders releasing the brig and its cargo from seizure. When the brig was taken into the possession by a marshal prior to its departure, the United States Supreme Court held that, because the original attachment was initially released, the district court had no subsequent jurisdiction over the brig. The court stated that "[i]f a seizure be completely and explicitly abandoned, and the property restored by the voluntary act of the party who has made the seizure, all rights under it are gone. Although judicial jurisdiction once attached, it is divested by the subsequent proceedings, and it can be revived only by a new seizure." Id., 291.
In the years since The Brig Ann, the U.S. Supreme Court has CT Page 4796 limited the holding of that case to mean that "the court must have actual or constructive control of the res when an in rem forfeiture suit is initiated. If the seizing party abandons the attachment prior to filing an action, it, in effect, has renounced its claim." (Emphasis added.) Republic National BankMiami v. United States, 506 U.S. 80, 86, 113 S.Ct. 554,121 L.Ed.2d 474 (1992) ("[t]he Brig Ann stands for nothing more than this").
In the present case, the plaintiff had control over the res when the forfeiture proceeding was instituted. Furthermore, it does not appear that the plaintiff in any way voluntarily abandoned the res or relinquished control over the res. As such,The Brig Ann is not controlling of the situation at hand. Even if, arguendo, The Brig Ann was controlling, the principles behind that case would not necessarily apply to the matter at hand. The exception to the antiquated rule that jurisdiction in an in rem action generally ends with the removal of the res occurs when the res is released accidentally, fraudulently or improperly. Statev. Ortiz, Superior Court, judicial district of New Haven at New Haven, Docket No. 351435 (March 19, 1992, Levin, J.), citingUnited States v. $57,480.05 United States Currency,722 F.2d 1457, 1458 (9th Cir. 1984). The disappearance of the currency from the Ansonia police department certainly falls within this exception.
Nonetheless, the defendant argues that since there no longer is an actual res, the forfeiture proceeding is moot and the court lacks jurisdiction since there is nothing which the forfeiture action may seize. The court is not persuaded by this argument.
"No settled rule requires continuous control of the res for appellate jurisdiction in an in rem forfeiture proceeding."Republic National Bank Miami v. United States, supra,506 U.S. 93. In the Republic National Bank case, the U.S. Supreme Court rejected the government's argument that the district court lacked jurisdiction because the seized res[2] was transferred outside the district and into the U.S. Treasury account. Finding that the money in the Treasury was reachable by the plaintiff even without a Congressional appropriation, the U.S. Supreme Court held that the lower court retained jurisdiction and any subsequent action would not be useless or moot because the res no longer existed as a separate entity.
According to Republic National Bank, the disappearance or CT Page 4797 abscondence of a res could affect the courts jurisdiction only in those rare occasions where "the thing could neither be delivered to the libellants, nor restored to the claimants. . . ." (Citations omitted.) Id., 85, 87. In the present case, the res will ultimately be delivered or restored. As pointed out by the argument of the plaintiff's counsel, the res continues to exists as the missing currency will be ultimately replaced by the town or its insurer. Since currency is a fungible asset than can be replaced by other currency or check or similar bank deposits, the fact that the res might literally be different is immaterial. SeeMadewell v. Downs, 68 F.3d 1030, n. 14 (8th Cir., 1995); U.S. v.$189,825.00 in United States Currency, No. 96-CV-1084-J (N.D. Okla. 1998).
In this respect, the missing res in the present case is similar to the situation encountered by the court in RepublicNational Bank. As in that case, the fact that the money is no longer literally within the control of the court does not derive the court of jurisdiction. Such jurisdiction was completely established following the initiation of forfeiture proceedings by the state pursuant to § 54-36h(b) and continues to be in effect.
The defendants' motion to dismiss was, therefore, denied.
BY THE COURT,
Joseph H. Sylvester Judge Trial Referee.