ERNEST CARON ET AL. *v.* INLAND WETLANDS AND
WATERCOURSES COMMISSION OF THE
TOWN OF BERLIN ET AL.
(14328)

SHEA, CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued February 14—decision released June 2, 1992

*Charles W. Bauer,* with whom was *Kenneth R. Slater, Jr.,* for the appellants (plaintiffs).

*E. Timothy Sullivan, Jr.,* for the appellees (defendants).

SHEA, J. The sole issue in this appeal is whether the plaintiffs' application for a wetlands permit was automatically approved when the local inland wetlands agency failed to hold a public hearing on the application within sixty-five days after its receipt, in accordance with General Statutes (Rev. to 1989) § 22a-42a (c)[1] and the Berlin inland wetlands and watercourses regulations § 5.6 (a).[2]

---

[1] General Statutes (Rev. to 1989) § 22a-42a (c) provided in relevant part: "No later than sixty-five days after the receipt of such application, the inland wetlands agency may hold a public hearing on such application. . . . Action shall be taken on applications within thirty-five days after the completion of a public hearing or in the absence of a public hearing within sixty-five days from the date of receipt of the application."

[2] At the time of the plaintiffs' application, § 5.6 (a) of the Berlin inland wetlands and watercourses regulations provided: "All public hearings shall commence not sooner than thirty (30) days nor later than (65) sixty-five

The plaintiffs, Ernest and Florine Caron, applied to the named defendant, the Berlin inland wetlands and watercourses commission, for a permit to place fill and to construct drainage systems and roadways for a proposed residential subdivision. The application was filed on October 20, 1988, and the commission's next regularly scheduled meeting was November 1, 1988. The plaintiffs requested and were granted a continuance. The commission considered the plaintiffs' application on December 6, 1988. On January 3, 1989, two days before the sixty-five day period for *holding* a hearing expired, the commission *voted* to hold a public hearing on the application. After the public hearing was held on February 7, 1989, the commission denied the plaintiffs' application on February 14, 1989. The plaintiffs then appealed the commission's decision to the Superior Court.[3]

Although the plaintiffs raised several claims in their administrative appeal, including that concerning automatic approval of the application,[4] the trial court concluded, without reaching the automatic approval issue, that the commission had failed to give proper notice of the public hearing. The court remanded the case to the commission for a new hearing after proper notice. The plaintiffs appealed the trial court's decision to the Appellate Court, claiming entitlement to automatic

days after receipt of a complete application." We confine our analysis to the relevant statute since the language of the regulation is substantially similar to that of the statute and the plaintiffs have not differentiated between the two.

[3] The plaintiffs also named as defendants Clyde Seylner, chairman of the Berlin inland wetlands and watercourses commission, the town of Berlin, Joanne Ward, Berlin town clerk, and Leslie Carothers, commissioner of the department of environmental protection.

[4] Some of the claims raised were that the commission denied the plaintiffs a fair hearing, that the commission's decision was not supported by the evidence before it, that the commission had predetermined the outcome of the case and that the commission had failed to hold a public hearing within sixty-five days of receipt of the application.

approval of their application because no public hearing thereon was held within sixty-five days from its receipt, as § 22a-42a (c) required. The Appellate Court held that the commission's failure to act within the requisite time period did not result in automatic approval and, therefore, that the trial court had properly remanded the case to the commission for a new hearing because of the defective notice. *Caron v. Inland Wetlands & Watercourses Commission*, 25 Conn. App. 61, 592 A.2d 964 (1991). We granted the plaintiffs' petition for certification to appeal[5] and now affirm the judgment of the Appellate Court.

We begin our analysis with the language of the relevant statute and regulation. When the plaintiffs filed their application,[6] General Statutes (Rev. to 1989) § 22a-42a (c) provided in relevant part: "No later than sixty-five days after the receipt of [an] application, the inland wetlands agency may hold a public hearing on such application. . . . Action shall be taken on applications within thirty-five days after the completion of a public hearing or in the absence of a public hearing within sixty-five days from the date of receipt of the application." Section 5.6 of the Berlin inland wetlands and watercourses regulations similarly provided that "[a]ll public hearings shall commence not sooner than

---

[5] We granted certification to appeal, limited to the following issue: "In the circumstances of this case, have the plaintiffs established their entitlement to automatic approval of their application for a wetlands permit because of the defendant's failure to act within the time period specified by the relevant statute and regulation?" *Caron v. Inland Wetlands & Watercourses Commission*, 220 Conn. 906, 593 A.2d 971 (1991).

[6] The Appellate Court determined that the case was governed by the relevant statute and regulation in effect when the plaintiffs filed their application despite subsequent amendments made to each during the pendency of the application. *Caron v. Inland Wetlands & Watercourses Commission*, 25 Conn. App. 61, 63–64, 592 A.2d 964 (1991). The applicability to this case of the subsequent amendments is not a certified issue before us in this appeal. See *Mulrooney v. Wambolt*, 215 Conn. 211, 216–17, 575 A.2d 996 (1990); *Darak v. Darak*, 210 Conn. 462, 467–68, 556 A.2d 145 (1989).

thirty (30) days nor later than (65) sixty-five days after receipt of a complete application."[7] Although both provisions contain the word "shall," that word alone does not automatically make the requirement mandatory. *Fidelity Trust Co.* v. *BVD Associates,* 196 Conn. 270, 278, 492 A.2d 180 (1985). "In determining whether a statute is mandatory or merely directory, the most satisfactory and conclusive test is whether the prescribed mode of action is of the essence of the thing to be accomplished or, in other words, whether it relates to matter of substance or to matter of convenience." *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967).

We have held a time limit to be mandatory, so that a land use agency's failure to comply with it results in the automatic approval of an application in three situations: (1) the statute contains express language invalidating belated action by the agency or automatically approving an application not acted upon within the requisite time period; id., 554–55; see also *Finn* v. *Planning & Zoning Commission,* 156 Conn. 540, 554, 244 A.2d 391 (1968); (2) the statute contains a provision requiring an applicant's consent for an extension of the statutory time period; *Vartuli* v. *Sotire,* 192 Conn. 353, 363–64, 472 A.2d 336 (1984); see also *Carr* v. *Woolwich,* 7 Conn. App. 684, 694–95, 510 A.2d 1358, cert. denied, 201 Conn. 804, 513 A.2d 698 (1986); and

---

[7] To comply with the statute and the regulation, the commission would have had to hold the hearing on or before January 5, 1989, that is, within sixty-five days after receipt of the application. November 1, 1988, was the date of receipt referred to in General Statutes (Rev. to 1989) § 22a-42a (c), which provided: "The day of receipt of an application shall be the day of the next regularly scheduled meeting of [the] inland wetlands agency, immediately following the day of submission to such inland wetlands agency or its agent of such application, provided such meeting is no earlier than three business days after receipt, or thirty-five days after such submission, whichever is sooner." Whether the continuance granted at the plaintiffs' request could be viewed as extending the statutory time period of § 22a-42a (c) is a question not before us in this certified appeal.

(3) the statute incorporates by reference another statute that contains automatic approval or consent to extension language, thereby creating an express administrative linkage to the mandatory requirement. *Vartuli* v. *Sotire,* supra, 361–62.

The plaintiffs concede that the applicable statute and regulation contain neither express invalidating language nor consent to extension provisions. They claim, however, that § 22a-42a (c) is mandatory because it is administratively linked to General Statutes § 8-3 (g),[8] which forbids a zoning commission from rendering a decision on a site plan application until the inland wetlands agency has submitted a report with its final decision, and to General Statutes § 8-7d (e),[9] which extends the time period within which a zoning commission must act to thirty-five days from the date of the decision of the inland wetlands agency, when the time period for action by the zoning commission would otherwise elapse before the thirty-fifth day after the decision of the wetlands agency. Although these statutory sections make reference to the relationship between an inland wetlands agency's decision on an application and a zoning

[8] General Statutes § 8-3 (g) provides in relevant part: "The decision of the zoning commission shall not be rendered on the site plan application until the inland wetlands agency has submitted a report with its final decision. In making its decision the zoning commission shall give due consideration to the report of the inland wetlands agency. A site plan may be modified or denied only if it fails to comply with requirements already set forth in the zoning or inland wetlands regulations. Approval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d."

[9] General Statutes § 8-7d (e) provides: "Notwithstanding the provisions of this section, if an application involves an activity regulated pursuant to sections 22a-36 to 22a-45, inclusive, and the time for a decision by a zoning commission or planning and zoning commission established pursuant to this section would elapse prior to the thirty-fifth day after a decision by the inland wetlands agency, the time period for a decision shall be extended to thirty-five days after the decision of such agency. The provisions of this subsection shall not be construed to apply to any extension consented to by an applicant or petitioner."

commission's subsequent decision on it, we are not persuaded that they link § 22a-42a (c) to any mandatory time requirement.

In *Vartuli* v. *Sotire,* supra, this court interpreted the time limitation contained in the Coastal Management Act, General Statutes (Rev. to 1983) § 22a-109 (f),[10] as mandatory because another subsection of the act provided that "[t]he coastal site plan review . . . shall be subject to the same statutory requirements as subsection (b) of section 8-7d for the purposes of determining the time limitations on the zoning commission in reaching a final decision." General Statutes (Rev. to 1983) § 22a-109 (e). Section 8-7d (b) in turn provided that "a decision on an application for approval of such site plan shall be rendered within sixty-five days after receipt of such site plan" and that an applicant "may consent to one or more extensions of such period . . . ." Not only did § 8-7d (b) contain a consent to extension provision, which inferentially rendered the time limitation mandatory, but § 8-3 (g) explicitly stated that "[a]pproval of a site plan shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d." The direct references in § 22a-109 (e) to § 8-7d (b), which contained consent to extension language as well as an automatic approval provision by virtue of § 8-3 (g), eliminated any doubt that the time requirement for rendering a decision on a coastal site plan was mandatory.

Unlike the statutory scheme in *Vartuli,* the inland wetlands statutes in existence at the time the plaintiffs' application was pending contain no language directly connecting the wetlands time limitation to any statutory provisions for automatic approval or consent to an extension. The zoning statutes mentioned by the

[10] In 1987, General Statutes § 22a-109 (f) was redesignated as § 22a-109 (h) when the legislature added a new subsection to the statute. See Public Acts 1987, No. 87-495.

plaintiffs in support of their argument contain only general references to the effect that the zoning commission must wait until the wetlands agency issues a final report before rendering its decision and that the time period for deciding a zoning application may be tolled because of the pendency of a wetlands decision. Those references do not address in any way the nature of the time limitation in § 22a-42a (c) that governs inland wetlands agencies. This fundamental difference in statutory schemes distinguishes this scenario from that presented in *Vartuli* and leads us to conclude that no express administrative linkage exists to make the time limit of § 22a-42a (c) mandatory.

The plaintiffs also advance the argument that, even if no express administrative linkage exists, the statute and regulation must be interpreted as mandatory in order to promote uniformity among the time constraints placed on land use agencies. They claim that, since the legislature placed the same sixty-five day time limitation on site plan review; General Statutes § 8-7d (b); coastal site plan review; General Statutes § 22a-109 (g); subdivision applications; General Statutes § 8-26d (b); and inland wetlands and watercourses applications; General Statutes § 22a-42a (c); all those time limitations should be interpreted as creating a mandatory duty. The commission points out, however, that in 1977, the legislature enacted Public Acts 1977, No. 77-450, which amended the existing planning and zoning statutes to include a uniform time limitation of sixty-five days within which a planning and zoning commission must take action on an application and a provision for automatic approval of applications not acted upon within the requisite time period.[11] The commis-

---

[11] Consent to extension provisions were also added by the amendment. Public Acts 1977, No. 77-450.

For a thorough discussion of the changes effected by the 1977 act, see *Carr* v. *Woolwich*, 7 Conn. App. 684, 688–95, 510 A.2d 1358, cert. denied, 201 Conn. 804, 513 A.2d 698 (1986).

sion argues that the fact that the 1977 act did not affect the time limitations on inland wetlands agencies is strong evidence that, contrary to the plaintiffs' argument, the legislature did not intend to include inland wetlands agencies within the comprehensive scheme it had developed with respect to time constraints on other land use agencies.

We agree with the commission that the legislature's failure to amend the time limitations on inland wetlands agencies in 1977, when it amended the time limitations on several other land use agencies, is a significant indication that it did not intend to impose the same mandatory strictures on inland wetlands agencies. The legislature enacted § 22a-42a (c) in 1973, fours years before the 1977 act. Because "the legislature is presumed to exercise its statutory authority with knowledge of existing statutes and with the intention of creating one consistent body of law"; *Kinney* v. *State,* 213 Conn. 54, 65, 566 A.2d 670 (1989); we conclude that its omission of inland wetlands agencies from the purview of the 1977 act indicates its intention not to make the time limitation on wetlands decisions mandatory, as it did in planning and zoning decisions.

Both the plaintiffs and the commission claim support for their diverse interpretations of § 22a-42a (c) in a subsequent amendment to that statute, Public Acts 1989, No. 89-356, § 16[12] which added three provisions

---

[12] Public Acts 1989, No. 89-356, § 16 provides in relevant part: "The applicant may consent to one or more extensions of the periods specified in this subsection for the holding of the hearing and for action on such application, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection, or may withdraw such application. If the inland wetlands agency fails to act on any application within thirty-five days after the completion of a public hearing or in the absence of a public hearing within sixty-five days from the date of receipt of the application, or within any extension of any such period, the applicant may file such application with the commissioner of environmental protection who shall review and act on such application in accordance with

relevant to this appeal.[13] First, a consent to extension provision was added. Second, applicants were granted the right to file their applications with the commissioner of the department of environmental protection if the inland wetlands agency failed to take action within the requisite time period. Third, the failure of an inland wetlands agency to act within the time period specified would not be deemed to constitute approval of the application.

Relying on the precept of statutory construction that the legislature intends to change existing law when it enacts new statutory language unless a contrary legislative intent appears; see *Hall Manor Owner's Assn.* v. *West Haven,* 212 Conn. 147, 155, 561 A.2d 1373 (1989); the plaintiffs maintain that the 1989 amendment changed the time constraint in § 22a-42a (c) from mandatory to directory. The commission counters with the argument that the amendment merely clarified what was already a directory time constraint. It claims that the legislature amended the statute to avoid any confusion that might have existed about the nature of the time requirement, since that requirement had not yet been construed by an appellate court in this state.

Although both interpretations are arguable, we are inclined to adopt the commission's view that the 1989 amendment clarified what was already a directory time constraint. Unfortunately, the legislative history of the 1989 amendment does not shed any light upon the reasons for its passage. This void, however, does not preclude construction of the 1989 amendment as intended

this section. . . . The failure of the inland wetlands agency or the commissioner to act within any time period specified in this subsection, or any extension thereof, shall not be deemed to constitute approval of the application." This statute became effective on October 1, 1989, about seven months after the decision of the commission.

[13] We may consider subsequent amendments in order to illuminate the legislature's intent with respect to a prior enactment. *AirKaman, Inc.* v. *Groppo,* 221 Conn. 751, 761, 607 A.2d 410 (1992).

to clarify the original intent of § 22a-42a (c). *Circle Lanes of Fairfield, Inc.* v. *Fay,* 195 Conn. 534, 540–41, 489 A.2d 363 (1985); see *State* v. *Magnano,* 204 Conn. 259, 280–81, 528 A.2d 760 (1987). In all likelihood the legislature recognized the ambiguity in the time limit referred to in § 22a-42a (c) and enacted the 1989 amendment to eliminate any doubt that the provision was directory. Before the amendment was enacted, at least one Superior Court decision had interpreted § 22a-42a (c) as creating a mandatory duty. See *Westwood Estates, Inc.* v. *Environmental Protection Board,* Superior Court, judicial district of Stamford-Norwalk, Docket Nos. 060244, 061645 and 061646 (April 18, 1983). Because the legislature is presumed to be aware of judicial interpretations of a statute; *State* v. *Chicano,* 216 Conn. 699, 719, 584 A.2d 425 (1990), cert. denied, U.S.    , 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991); *Peck* v. *Jacquemin,* 196 Conn. 53, 72, 491 A.2d 1043 (1985); we conclude that the legislature added explicit directory language to § 22a-42a (c) to avoid the risk that the statute would again be erroneously construed as mandatory. Unlike the time requirements imposed on other land use agencies, § 22a-42a (c) had not been construed by an appellate court and had not been amended in 1977, along with the other time provisions, to indicate that automatic approval would result from a failure to act within the sixty-five day period. The amendment, therefore, appears to have been the legislature's attempt to clarify what it recognized as a potential ambiguity in the statute.

Finally, we note that the presumption that the 1989 amendment changed the nature of the time limitation is rebutted by the language of the statute before it was amended. The time requirement contains no negative words or express invalidation language. As we stated in *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 535, 525 A.2d 940 (1987), "[t]he require-

ment [in § 22a-42a (c)] that the agency [act] within the prescribed 65 day period is to insure prompt and expeditious action for the protection of the applicant." It is a well established maxim of statutory construction that "[p]rovisions designed to secure order, system and dispatch in proceedings are generally held directory unless accompanied by negative words." *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 67, 82 A.2d 345 (1951); *State* v. *White,* 169 Conn. 223, 238, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975); *Winslow* v. *Zoning Board,* 143 Conn. 381, 388, 122 A.2d 789 (1956). Accordingly, we reject the plaintiffs' claim that their application was automatically approved when the commission failed to hold the hearing within the statutory time period.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.