[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Planning and Zoning Commission of the Town of Windsor Locks denying plaintiff's application for a special use liquor permit for the on-premises consumption of beer and wine.
On September 19, 1991, the plaintiff, Concord Food Festival, Inc. d/b/a Miami Subs, filed an application with the defendant, Planning and Zoning Commission of the Town of Windsor Locks (PZC), in accordance with Chapter V, 502B of the Town of Windsor Locks Zoning Regulations, for a special use permit for the on-premises consumption of alcoholic beverages on property located at 86 Ella Grasso Highway, Windsor Locks, Connecticut.
On November 12, 1991, the PZC held a public hearing on the plaintiff's application for a special use permit in accordance with General Statutes 8-3c(b). Notice of the public hearing was published in the Windsor Locks Journal on November 8, 1991 and in the Journal Inquirer on October 31, 1991 and November 7, 1991.
On November 25 1991, the PZC held a special meeting intending to deliberate and decide this matter. However, only three members were seated and therefore, the PZC continued its liberation until December 9, 1991.
On December 9, 1991, the PZC held a meeting to deliberate and review the plaintiff's application for a special use permit. The PZC voted to deny the application by a vote of 4 to 1.[1]
The stated reason for denying the application is that it did not meet the requirements of 503A of the Windsor Locks Zoning Regulations which states in pertinent part that the sale of alcoholic beverages "shall be subordinate and incidental to the principal use of the premises as a restaurant where the patrons primarily persons seated at tables where hot meals are served. . . ." On December 18, 1991, a notice of decision was duly published in the Journal Inquirer newspaper.
On December 31, 1991, the plaintiff filed this appeal of the CT Page 2821 PZC's decision denying the special use permit.
The plaintiff, a franchisee, operates a Miami Subs restaurant located at 86 Ella T. Grasso Turnpike, Windsor Locks, Connecticut. The restaurant primarily offers sandwiches, burgers, and salads. With respect to service, the guests walk up to a counter and place their food and beverage order. The food and beverages are placed on a tray and the patrons carry them to a table for consumption. Miami Subs does not currently serve alcoholic beverages at this location. It would like, however, to serve beer and wine, but not spirits. It asserts that it would do so consistently with local and state regulations, including service by employees of legally mature age. Beer and wine would be served only if food was also ordered.
Miami Subs is a national chain. All of the restaurants except the one at issue, have a beer and wine license.
The defendant PZC acting pursuant to General Statutes 8-2
adopted special use permit regulations. In denying the special use permit application, the PZC was guided by the standards set forth in 503A of the Town's Zoning Regulations. The portion of that section provides in pertinent part that
 [t]he foregoing distance limitation set forth in subsection 502B may be decreased by the Commission in the case of a . . . restaurant where alcoholic beverages are sold for consumption on the premises under a restaurant permit (as defined in the State Liquor Control Act) provided that said Commission, after a public hearing and having taken into consideration the provisions of these Regulations and the proximity of said . . . restaurant or other buildings or premises used for the sale of alcoholic beverages for consumption on the premises shall find that such sale of alcoholic beverages . . . shall be subordinate and incidental to the principal use of the premises as a restaurant where the patrons are primarily persons seated at tables where hot meals are served. . . .
The plaintiff appeals this decision pursuant to General Statutes 8-8(b) and 8-9.
In its complaint, the plaintiff asserts that it is aggrieved CT Page 2822 by the decision of the PZC denying its application because it affects its interest as the applicant, sublessee and franchisee of the subject property. At the December 29, 1992 hearing, the plaintiff asserted that the PZC decision was having a negative economic impact on its business and therefore, it was injuriously affected by the decision. The defendant did not offer any argument regarding this issue.
In order to retain standing as an aggrieved person, a party must maintain a specific, personal and legal interest in the subject premises throughout the course of the appeal. Primerica v. Planning and Zoning Commission, 211 Conn. 85, 94 (1989). The plaintiff is the sublessee of the subject premises and, as the sublessee, it operates a restaurant on the premises. At the December 29, 1992 hearing, the plaintiff properly submitted a copy of the sublease agreement, dated August 5, 1991, as evidence of its interest in the subject property. Since the plaintiff has a specific, personal and legal interest in the subject property, and its use of the subject property, as sublessee and franchisee, is injuriously affected by the PZC decision, the plaintiff is aggrieved.
"The burden of proof is on the plaintiff to demonstrate that the [commission] acted improperly." (Citation omitted.) Spero v. Zoning Board of Appeals, 217 Conn. 435, 440 (1991), A "party challenging the action of a planning and zoning commission bears the burden of proving that the commission acted arbitrarily or illegally." Blaker v. Planning Zoning Commission, 212 Conn. 471,478 (1989).
 When ruling upon an application for a special permit, a . . . zoning board acts in an administrative capacity. Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court [has] to decide whether the [commission] correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts. In applying the law to the facts of a particular case, the [commission] is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. CT Page 2823
(Citations omitted; internal quotation marks omitted.) Double I Limited Partnership v. Plan Zoning Commission, 218, Conn. 65, 72 (1991). However, courts "are not bound by the interpretation of an agency on questions of law such as the interpretation of a statute." Elections Review Committee of the Eighth Utilities District v. FOIC, 219 Conn. 685, 698 (1991), citing University of Connecticut v. Freedom of Information Commission, 217 Conn. 322,328 (1991).
"Regulations have the force and effect of statutes and are construed in accordance with accepted rules of statutory construction." Caron v. Inland Wetlands Watercourses Commission, 25 Conn. App. 61 65-66 (1991), aff'd, 222 Conn. 269,610 A.2d 584 (1992), citing Gianetti v. Norwalk Hospital,211 Conn. 51, 60 (1989). "If, in [denying] the special permit, the commission construed [the relevant zoning regulation] beyond the fair import if its language, then the commission acted in an arbitrary and illegal manner." Citations omitted.) Double I Limited Partnership v. Planning Zoning Commission, supra, 72.
 Since zoning regulations are in derogation of common law property rights, . . . the regulation cannot be construed beyond the fair import of its language to include or exclude by implication that which is not clearly within its express terms. The words employed by the local legislative body are to be interpreted in accordance with their natural and usual meaning and any interpretation that would torture the ordinary meaning of the words to create ambiguity will be rejected. Common sense must be used in construing the regulation, and we assume that a rational and reasonable result was intended by the local legislative body.
(Citations omitted.) Spero v. Zoning Board of Appeals, supra 441.
The court is limited to evidence contained in the record unless "(1) the record does not contain a complete transcript of the entire proceedings before the [commission] . . ., or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." General Statutes8-8(k). At the hearing for the present case, the court admitted into evidence, pursuant to General Statutes 8-8(k)(2), minutes of the PZC's December 9, 1991 meeting and notice of decision in this case and minutes of the PZC's February 14, 1984 CT Page 2824 and May 14, 1984 meetings. Papa Gino's special use liquor permit application, which was discussed with frequency in the record, was considered at the February and May 1984 meetings.
The plaintiff claims that the PZC interpreted and applied the Town of Windsor Locks Zoning Regulations incorrectly, inconsistently and beyond its authority and that the PZC's action was arbitrary, capricious and an abuse of its discretion. When the agency acts upon a special permit application, its actions are governed by existing provisions of its own regulations. A.P. W. Holding Corporation v. Planning Zoning Board,167 Conn. 182, 186 (1974). The zoning regulations must contain standards for the issuance of special permits and the commission must adhere to them and cannot deny an application which conforms with the criteria in the regulations. DeMaria v. Planning 
Zoning Commission, 159 Conn. 534, 540-41 (1970). The function of the PZC is to determine: (1) Whether the applicant's proposed use of the property is expressly permitted under the regulations: Weigel v. Planning and Zoning Commission, 160 Conn. 239, 246
(1971); (2) whether the standards in the relevant zoning regulations are satisfied; and (3) whether conditions necessary to protect public health, safety, convenience and property values, as provided by General Statutes 8-2, can be established. Housatonic Terminal Corporation v. Planning Zoning Board,168 Conn. 304, 307 (1975).
In the present case, the PZC's stated reason for denying the special permit application is that it did not meet the requirements of 503A of the Town of Windsor Locks Zoning Regulations.
Although a PZC member with "about 40 years" or experience in the food business noted that whether beer and wine is "dispensed by a person across the counter or at a table is immaterial"; and the PZC recognized that "the State works with the details of the restaurant on the liquor laws"; nonetheless the PZC based its decision on whether beer and wine could be obtained with a hot meal at a counter or whether it must be served as part of a meal by a server at a table. The minutes of the December 9, 1991 meeting reflect that a PZC member commented that "he did not think that 503[A]'s definition could be stretched . . . [and] it was a violation of the liquor control laws that beer and wine would be available at a counter and not served to patrons seated at a table." Even though the PZC chairperson noted that at least one other restaurant served beer and wine in the same manner proposed CT Page 2825 by the plaintiff, other members expressed the opinion that beer and wine must be served at tables."
In considering the plaintiff's application, the PZC attempted to construe that part of the regulation which reads "shall be subordinate and incidental to the principal use of the premises as a restaurant where the patrons are primarily persons seated at tables where hot meals are served. . . ." At the November 12, 1991 meeting, a PZC member noted that
 Section A of 503 . . . can actually be taken both ways . . . are we to take that to mean that hot meals are served in the restaurant at tables or do we take that to mean that hot meals are served by waiters or waitresses. . . to tables in the restaurant. . . that's a big distinction here. . .[a]nd it's not clear. . . .
Later in that same meeting, a member commented that "[i]t's a difficult thing. . .you can interpret [503A] either way." Also, at the December 9, 1991 meeting, the chairperson stated that 503A must be interpreted.
"Ambiguous". . . has often been defined to mean that which is susceptible of more than one interpretation . . . (of uncertain meaning and that which may be fairly understood in more ways than one); . . . Lopinto v. Haines, 185 Conn. 527, 538 (1981, Citations omitted). Section 503A of the Windsor Locks Zoning Regulations is ambiguous and capable of two constructions. Where a regulation is capable of two constructions, courts adopt "the one that renders the enactment effective and workable and reject any that might lead to unreasonable or bizarre results." Citations omitted.) Planning Zoning Commission v. Gilbert,208 Conn. 696, 706 (1988); see also State v. Williams, 206 Conn. 203,210 (1988).
Papa Gino's, which has a service style identical to the plaintiff's, and at least two other establishments with service styles similar to plaintiff's have special use permits to sell liquor. Although the Commission did not explicitly interpret the regulation when considering Papa Gino's application, by approving the application and granting the permit, the PZC implicitly interpreted the regulation to allow counter service of beer and wine with meals. Moreover, the PZC, with respect to the application at issue, recognized that it would have a problem if it denied the application inasmuch as it previously approved CT Page 2826 Papa Gino's application. A PZC member stated that it "approved Papa Gino's . . . what are we going to do about this. . .it's the same thing as Papa Gino's. . . ." Also, when the question was posed whether "everybody's got to serve now with the waitresses," no definitive answer was given. Hence the PZC's present interpretation of 503A is inconsistent with its past practice. The PZC's denial of the plaintiff's application was arbitrary and has lead to the bizarre result of permitting only some restaurants with identical service styles to serve beer and wine, while prohibiting others from doing the same.
In addition, "[i]f the language of the regulation is ambiguous, the court can look to its purpose as an aid in construing it." Double I Limited Partnership v. Plan Zoning Commission, supra, 73, citing Nickel Mine Brook Associates v. Joseph E. Sakal, P.C., 217 Conn. 361, 364 (1991). The PZC is mainly concerned with oversight of the dispensing of beer and wine. The purpose of the regulation is to provide for the supervision of the consumption of alcohol and to prohibit restaurants from being drinking establishments. Miami Subs serves wine and beer only with food orders. The alcohol orders would be filled by servers 21 years of age and older. Managers and/or Hostesses, like those at Papa Gino's, would oversee the dispensing of beer and wine. Construing the regulation to allow the plaintiff to serve alcohol at a counter would not thwart its purpose.
A property owner should be able reasonably to ascertain from the regulations how to use the property in compliance with them." Planning Zoning Commission v. Gilbert, supra, 705, citing Shell Oil Co. v. Zoning Board of Appeals, 156 Conn. 66, 70 (1968). At the December 29, 1992 hearing on appeal, the plaintiff stated that he was aware that Papa Gino's received a special permit for beer and wine from the PZC. The plaintiff, with a service style identical to Papa Gino's, could reasonably conclude that its intended service style was not in violation of the Town of Windsor Locks zoning regulations and therefore, it would be permitted to use the property in that manner.
In light of the defendant's prior interpretation of 503A of the zoning regulations with respect to the application of Papa Gino's, it failed to correctly interpret that section in the present case and furthermore, it failed to apply 503A with reasonable discretion to the facts and circumstances of the case at bar. Hence, the PZC's action was arbitrary, capricious and CT Page 2827 in abuse of its discretion. The plaintiff's appeal is sustained.
By the Court,
Honorable Howard Scheinblum Judge of the Superior Court