[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, ARI, Inc., owner of an intermediate care facility for the mentally retarded, appeals a decision of the defendant, Department of Income Maintenance (DIM), affirming the medicaid certification date of July 11, 1991 established by the defendant Department of Health Services (DHS) for the facility. The plaintiff appeals pursuant to General Statutes §§ 17-2b(b)*
and 4-183. The court finds the issues in favor of the defendants.
Certain essential facts are undisputed. Title XIX of the Social Security Act (Medicaid) makes federal funds available to the states to share in the cost of state medical assistance CT Page 2138-a programs that meet federal requirements. DIM is the state agency which administers the federal Medicaid program and enters into Medicaid provider agreements with health care facilities. In order for DIM to enter into a Medicaid provider agreement with a facility, the facility must be certified as providing services that meet the federal conditions of participation. DHS is the state agency responsible for certifying facilities that meet the applicable federal conditions. DHS accomplishes this by conducting onsite inspections of facilities and determining whether there are any programmatic or building and fire safety deficiencies in a facility's compliance with federal participation requirements. A facility may not be certified if a condition of participation is not met or if a standard level deficiency which jeopardizes client health and safety has been cited. The date of the facility's certification by DHS controls the date of DIM's provider agreement with the facility.
In May, 1991, the plaintiff opened an intermediate care facility for the mentally retarded in Stamford known as Truglia Intermediate Care Facility for the Mentally Retarded (Truglia). On or about May 10, 1991, the plaintiff requested that DHS survey the Truglia facility for Medicaid certification. DHS commenced its initial survey of Truglia on May 22, 1991 and completed the survey on May 24, 1991. DHS identified several deficiencies requiring correction and did not certify the Truglia facility as CT Page 2138-b of May, 1991. The plaintiff submitted plans of correction to DHS dated June 7, 1991 and June 11, 1991.
On July 10, 1991, DHS reinspected Truglia and determined that only one deficiency remained uncorrected. The plaintiff submitted a plan of correction to DHS for the remaining deficiency dated July 11, 1991. DHS found Truglia eligible for Medicaid certification on July 11, 1991.
On August 29, 1991, the plaintiff requested a fair hearing before DIM on the issue of the appropriate Medicaid certification date established by DHS. The plaintiff claimed that the effective date of certification should have been June 11, 1991 rather than July 11, 1991. DIM held a hearing pursuant to §§ 17-2a and 17-2b* on October 15, October 23, November 6 and November 7, 1991. On March 4, 1992, 188 days after the plaintiff requested the fair hearing, DIM issued its notice of decision affirming the July 11, 1991 certification date established by DHS.
The plaintiff asserts two principal contentions in support of its appeal: (1) that the decision was rendered beyond the deadline established by § 17-2b(a); and (2) that the hearing procedure was "unfair, improper and unconstitutional" in that the attorney representing the respondent DHS and the attorney for the DIM hearing officer were both employees of the State of Connecticut Office of the Attorney General. CT Page 2138-c
Section 17-2b(a) provides that not later than sixty days after a fair hearing held pursuant to § 17-2a, "the commissioner or his designated hearing officer shall render a final decision based upon all the evidence introduced before him and applying all pertinent provisions of law, regulations and departmental policy, . . . provided final definitive administrative action shall be taken by the commissioner or his designee within ninety days after the request of such hearing pursuant to section 17-2a." The plaintiff claims that this time limitation is mandatory, and that failure to comply with the time requirement requires automatic granting of the relief sought. The plaintiff claims that this rule is federally sanctioned as well, citing 42 C.F.R. § 431.244(f), which provides that the "agency must take final administrative action within ninety days from the date of the request for a hearing." The plaintiff relies upon the case of Persico v. Maher, 191 Conn. 384 (1983), in support of its argument that a late decision requires that DIM grant the relief requested.
In Persico, the plaintiff requested a fair hearing, pursuant to § 17-2a, on her application for Title XIX benefits to cover the costs of her son's orthodontic work. The hearing officer's decision denying the plaintiff's request was rendered more than ninety days after the plaintiff requested the hearing. CT Page 2138-d The trial court, relying on Labbe v. Norton, U.S. District Court, D.Conn. Docket No. H-136, November 4, 1974, held that the violation of the ninety day rule required the defendant to grant the relief requested. In Labbe, the court considered a similar ninety day rule under the Social Security Act, and "ordered, except where a petitioner for a fair hearing has requested a delay or has failed to appear for a scheduled hearing, that the [defendant] `grant whatever relief is requested in fair hearing requests filed by applicants for and recipients of categorical assistance benefits . . . in whose cases final administrative action is not taken within ninety (90) days of the date they originally filed their request for a fair hearing. . . .'"Persico v. Maher, supra, 407. The supreme court in Persico held that
 the Labbe rule applies to the same provision for ninety day administrative adjudication of Medicaid claims found in 45 C.F.R. § 431.244 [sic] and in General Statutes § 17-2b, and now before the court. Section 4-180(b), which provides that if an administrative agency fails to render a final decision in a contested case CT Page 2138-e following the close of evidence and filing of briefs as required by subsection (a), a party or interested person may seek a Superior Court order requiring the agency to render a decision forthwith, after hearing, is inapplicable to the case before the court. The relevant federal regulation applicable here takes precedence in judicial consideration of the question.
(Emphasis added.) Id.
42 C.F.R. § 431.244(f) appears in Subpart E of Part 431 of the Medicaid regulations, entitled "Fair Hearings for Applicants and Recipients." 42 C.F.R. § 431.200, entitled "Basis and purpose," provides that Subpart E "implements section 1902(a)(3) of the Act, which requires that a State plan provide an opportunity for a fair hearing to any person whose claim for assistance is denied or not acted upon promptly. This subpart also prescribes procedures for an opportunity for hearing if the Medicaid agency takes action to suspend, terminate, or reduce services." CT Page 2138-f
As distinguished from Subpart E, which the Persico court had under consideration, Subpart D of Part 431 of the Medicaid regulations is entitled "Appeals Process for SNF's and ICF's," and it provides, in 42 C.F.R. § 431.151, that "[t]his subpart specifies the appeal procedures the State must make available to a skilled nursing facility (SNF) or intermediate care facility (ICF) for which the state denies, terminates, or fails to renew certification or a provider agreement for the Medicaid program." What is significant for this case is that Subpart D contains no time limitation similar to that found in Subpart E for rendering a final decision after a fair hearing.
The plaintiff's request for a fair hearing cited Subpart D as the federal regulatory authority for the hearing. The plaintiff is the operator of an intermediate care facility, which, under the plain wording of the regulations, falls within the provisions of Subpart D. Accordingly, the holding in Persico is distinguishable, because, unlike the regulation in Persico, the "relevant federal regulation applicable here" does not contain a ninety day time limitation for rendering a final decision. ThePersico case contains no discussion of whether the time limitation in § 17-2b(a) is mandatory in the absence of an applicable federal regulation which so provides. The Persico case is, therefore, not controlling or persuasive in this case. CT Page 2138-g
Section 17-2b is silent as to the effect of a decision rendered by the agency beyond the ninety day period. Although § 17-2b(a) contains the word "shall," "that word alone does not automatically make the requirement mandatory." Caron v.Inland Wetlands and Watercourses Commission, 222 Conn. 269, 273
(1992). "It is a well established maxim of statutory construction that `[p]rovisions designed to secure order, system and dispatch in proceedings are generally held directory unless accompanied by negative words.'" (Citations omitted.) Id., 280.
These general rules are of special significance in the construction of statutes relating to public officials.
 "For the reason that individuals or the public should not be made to suffer for the dereliction of public officers, provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory.' 2A Sutherland, Statutory Construction (4th Ed. Sands) § 57.19. Unless there is reason to believe that the CT Page 2138-h legislature intended that the duty not be performed at all except within the time prescribed or that the time restriction should be considered a limitation upon the power of the tardy officer, failure to act within the time specified should not invalidate the action taken. Id.
(Citations omitted.) Zoning Board of Appeals v. Freedom ofInformation Commission, 198 Conn. 498, 503 (1986).
As noted, § 17-2b contains no negative words or indication that the relief sought must be automatically granted if DIM fails to issue its decision in compliance with the time requirement. Rather, the provision clearly seems designed only to promote convenience, efficiency and dispatch in the rendition of such decisions. The court concludes that the provisions of § 17-2b(a), unaccompanied by a corresponding federal time requirement, are directory rather than mandatory. Accordingly, DIM's failure to render a final administrative decision within ninety days does not require the automatic granting of the relief sought by the plaintiff, nor does it require that this case be remanded to DIM for a new hearing. CT Page 2138-i
Finally, with respect to the time limitation issue, the court notes that § 4-180 of the Uniform Administrative Procedure Act, which applies in the absence of any conflicting state or federal provision, provides a remedy for any party to an administrative proceeding who is frustrated by delay in the decision making process. In such a case, the party may petition this court for an order requiring the agency to render its decision forthwith. The Persico court referred to that statute in its decision but held that it did not apply only because a stricter federal regulation supplanted it. In this case, however, as noted, there is no comparable federal regulation, and § 4-180, therefore, provided an appropriate remedy.
The plaintiff next claims that because the DIM hearing officer and DHS were both represented by attorneys employed by the Attorney General's office, an impartial and independent decision was impossible, and the Attorney General's representation of both entities tainted the entire proceeding. The plaintiff asserts that joint representation of DHS and DIM at the hearing below was a facial violation of the plaintiff's constitutional rights to due process and a fair trial under both the Connecticut and United States constitutions.
The record reveals that the plaintiff never objected to the CT Page 2138-j representation of DHS and DIM by attorneys employed by the Attorney General's office during the four days of the hearing, although the representation of the two agencies by these attorneys was disclosed at the first day of the hearing.
"[T]he failure to raise a procedural claim or the failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect." (Citation omitted.) Jutkowitz v. Department of HealthServices, 220 Conn. 86, 95 (1991). This rule extends to include the waiver of constitutional rights during an administrative hearing by failing effectively to assert them. Dragan v. MedicalExamining Board, 233 Conn. 618, 629-632 (1992).
By failing to raise its claim regarding representation of DHS and the DIM hearing officer by attorneys who were both employed by the Attorney General's office during the hearing, the plaintiff has waived its right to object to this alleged impropriety.
For the reasons set forth above, the plaintiff's appeal is dismissed.