[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED OCTOBER 2, 1995
The Plaintiff, Dorothy G. Lackman, commenced the present action against the Defendant, Geri Dineen, by filing a "Complaint in the Nature of Quo Warranto" dated May 9, 1995. The Complaint requests that the Defendant be required to demonstrate to this court by what warrant she claims to hold office as a member of the Board of Finance of the Town of Ashford CT Page 12450 (hereinafter "BOF") and exercises the rights, powers and privileges of the position. The Plaintiff claims that the Defendant illegally holds her position on the BOF because Daniel Cole's resignation from the BOF was not effective and, therefore, no vacancy was created on the Board. In the alternative, the Plaintiff argues that even if Mr. Cole's resignation was effective, it was properly withdrawn prior to any acceptance by the Town Clerk. The Defendant maintains that a vacancy was created by Cole's resignation, and therefore, she was properly sworn in.
At the court hearings, held on July 17, 1995 and July 27, 1995, the parties stipulated that as a property owner and taxpayer in the Town of Ashford, the Plaintiff has standing to bring this action.
 I.
The following facts are relevant to a determination of the issues in this case. In the fall of 1991, Daniel Cole was elected to serve a six-year term as a member of the Board of Finance of the Town of Ashford. On January 17, 1995, Cole mailed a letter of same date to William Becker, Chairman of the Town of Ashford Board of Finance. In this letter, Cole announced his resignation from the BOF "due to lack of interest. Plaintiff's Exhibit A. Cole did not specify the effective date of the resignation in his letter.
Becker then drafted a letter, dated January 19, 1995, to Barbara Metsack, the Ashford Town Clerk, communicating Cole's resignation. Becker hand-delivered his letter, with Cole's original resignation letter, to Metsack on January 25, 1995. Transcript, July 17, 1995, p. 29.
Metsack testified that at the time Becker delivered Cole's resignation letter to her, it was not her intent to accept the resignation as valid because it was not addressed to her as Town Clerk. (Transcript, July 17, 1995, p. 31.) On January 25, 1995, Metsack drafted and mailed a letter to Cole, in which she advised Cole that his resignation was not valid, pursuant to the requirements of Connecticut General Statutes § 7-103
CT Page 12451 regarding the resignation of municipal officers.[1]
Defendant's Exhibit 3, Transcript July 17, 1995, pp. 32-34.
On January 25, 1995, Cole wrote to Becker asking him to "disregard his letter of January 17, 1995 . . ." because he "[did] not intend to submit [his] resignation to the Town Clerk." Defendant's Exhibit 9. Cole did not sign this letter. Becker received Cole's January 25, 1995, letter on or about February 2, 1995, approximately one week before the Defendant was sworn into office by Becker on February 9, 1995. Transcript, July 17, 1995, p. 19. Because he believed that Cole's resignation became effective on January 17, 1995, and that a vacancy was therefore created on the BOF, Becker swore in the Defendant on February 9, 1995. Transcript July 17, 1995, p. 19. By statute, the Defendant could be appointed only until the next town election when a successor is elected to fill the vacancy for the unexpired portion of Cole's term. See § 7-343
C.G.S.
On January 27, 1995, Metsack addressed a memorandum "To All Board and Commission Members" in which she restated the policy of the Town Clerk's office regarding the resignation of municipal officers.[2]
Defendant's Exhibit 7. On the same date, Metsack addressed a memorandum to the Town Committee Chairman. Defendant's Exhibit 6. With this memorandum, she enclosed a copy of the memo to the Ashford Boards and Commissions, dated January 27, 1995. In addition, she advised the Chairman that although the policy of the Secretary of State's Office regarding resignations differs from hers,[3] she would continue with "the policy as stated in the attached that has been in place for a number of years." Id. Metsack also notified the Chairman of her January 25, 1995, request of Cole that he submit his resignation in writing and addressed to the Town Clerk's office. Id.
On February 7, 1995, Metsack wrote to the Ashford BOF, advising them that she did not accept "the resignation letter of Dan Cole addressed to the BOF chm. Becker" and reiterated her office's policy that CT Page 12452 "resignations are addressed to the Town Clerk not to Town Boards, Commissions or other agency chairmen." Defendant's Exhibit 12.
On February 8, 1995, Cole wrote separate letters to Metsack and to Ashford's First Selectman, Bill Faletti. Defendant's Exhibits 10 11. In the letter to Metsack, Cole explained that he had reconsidered his letter of resignation to Becker. Defendant's Exhibit 10. Cole further indicated his awareness of the requirement that he submit a letter to Metsack directly in order to effectively resign. Id. In his letter to Faletti, Cole also explained that he had reconsidered his resignation from the BOF. Defendant's Exhibit 11. Cole enclosed a copy of his January 25, 1995, letter to Becker with his letters to Metsack and Faletti.
The BOF held a special meeting on February 8, 1995. Among the items on the Board's agenda was a discussion of action to be taken regarding the filling of the vacancy on the Board created by Cole's resignation.[4]
Defendant's Exhibit 16. Believing there was a vacancy on the Board, the members present voted 4-0 to seat the Defendant. Id.
In a letter from Becker, dated February 10, 1995, Metsack was notified that the Defendant had been sworn in as a member of the BOF by Becker on February 9, 1995, at 11:30 PM. Defendant's Exhibit 15. At that time it was still Metsack's position, however, that Cole's resignation was not valid. Transcript, July 17, 1995, p. 37. Metsack reiterates this position in her May 10, 1995, letter to the Ashford Democratic Town Committee Chairman, Steven Reviczky, in which she states that "[a]ccording to [her] records there is no Two-Year vacancy on the Board of Finance to be included in the November 1995 municipal election." Defendant's Exhibit 21. Metsack included with this letter, a copy of Town Attorney Daniel K. Lamont's opinion that Cole's letter of January 17, 1995, did not comply with Connecticut General Statutes § 7-103, Resignation of municipal officers. Plaintiff's Exhibit B.
II. CT Page 12453
"In a quo warranto proceeding brought pursuant to General Statutes § 52-491, the Superior Court is to proceed to `render judgment according to the course of the common law.' . . . A quo warranto proceeding under the common law lies only to test the defendant's right to hold the office de jure . . ."Deguzis v. Jandreau, 27 Conn. App. 421, 424 (1992) (quoting Cheshire v. McKenney, 182 Conn. 253, 256,438 A.2d 88 (1980). The defendant in a quo warranto proceeding has the burden of proving "a complete title to the office in dispute." Id. (quoting State exrel. Gaski v. Basile, 174 Conn. 36, 38, 381 A.2d 547
(1977)). Further, the defendant must meet this burden by a preponderance of the evidence. Deguzis,27 Conn. App. at 424.
In the instant case, the parties have agreed that the Freedom of Information Commission has primary jurisdiction over issues regarding the propriety of the notice and conduct of the BOF meeting of February 9, 1995, as a complaint is currently pending before the Commission on this issue. Therefore, the Defendant's burden of proof in this proceeding is to establish that a vacancy existed as a result of Cole's resignation. Defendant's Post-Hearing Brief, pp. 1-2. To establish that the vacancy existed, the Defendant must prove by a preponderance of the evidence that Cole's resignation complied with the requirements of Connecticut General Statutes § 7-103.
The arguments of the Plaintiff and Defendant essentially focus on differing interpretations of the language of Section 7-103. Section 7-103 states, in pertinent part,
 [u]nless otherwise provided by law, any elected or appointed town, city or borough officer, except the town, city or borough clerk, desiring to resign from his office shall submit his resignation in writing to the town, city or borough clerk, as the case may be . . . Any such resignation shall become effective upon the date specified therein or, if no date is so specified, upon the date of its submission. CT Page 12454
Connecticut General Statutes § 7-103. The Plaintiff maintains that Cole did not address his resignation letter to the Town Clerk, nor did he personally submit the letter to the Town Clerk, and therefore, it was invalid. The Defendant, however, argues that the submission of Cole's resignation letter through BOF chairman Becker was effective under the statute and therefore, created a vacancy on the Board.
"[T]he fundamental objective of statutory construction is to ascertain and give effect to the apparent intent of the legislature." Concept Associates, Ltd. v.Board of Tax Review, 229 Conn. 618, 622 (1994) (quoting State v. Guckian, 226 Conn. 191, 198,627 A.2d 407 (1993)). "In order to ascertain and give effect to the apparent intent of the legislature, we must examine the language of the statute in light of the purpose that it was designed to achieve." Jones v.Mansfield Training School, 220 Conn. 721, 726 (1992) (quoting Szudora v. Fairfield, 214 Conn. 552, 557,573 A.2d 1 (1990)). This court, then, must seek to advance the purpose of C.G.S. § 7-103 by adopting a construction that "attain[s] a rational and sensible result . . ."Jones, 220 Conn. at 726 (citations omitted). "If there are two possible interpretations of a statute, we will adopt the more reasonable construction over one that is unreasonable." Id.
Under Connecticut rules of statutory construction, use of the word "shall" does not automatically create a mandatory duty to perform an action. Yanni v.DelPonte, 31 Conn. App. 350 (1993). The test for determining whether a statutory requirement is mandatory or directory is whether the prescribed mode of action relates to a matter of substance or convenience. HallManor Owner's Assn. v. West Haven, 212 Conn. 147,152-3, 561 A.2d 1373 (1989). "Provisions relating to matters of substance are mandatory, whereas provisions `designed to secure order, system, and dispatch in the proceedings [are] generally held to be directory, especially when the requirement is stated in affirmative terms unaccompanied by negative words.'" Caron v. Inland Wetlands WatercoursesCommission, 25 Conn. App. 61, 66-7 (1989), Aff'd222 Conn. 269, 610 A.2d 584 (1992) (quoting FidelityCT Page 12455Trust Co. v. BVD Associates, 196 Conn. 270, 278
(1985)). Further, a statutory provision may be determined to be directory when it "prescribes what shall be done but does not invalidate action upon a failure to comply." Fidelity Trust Co., 196 Conn. at 278
(quoting Broadriver, Inc. v. Stamford, 158 Conn. 522,529, 265 A.2d 75 (1969)).
Section 7-103 was originally adopted in 1955. A review of the legislative history reveals that this section was simply passed to fill a void in the existing law. Section 7-103 established a system for the resignation of municipal officials where one had not been in place previously.
The language of C.G.S. § 7-103 itself would suggest that the officer himself must submit his resignation in writing to the Town Clerk. This court concludes, however, that because the statutory provision at issue in the present case "relates to the orderly dispatch of proceedings and does not contain language expressly invalidating any action taken after noncompliance with the provision . . .," the requirements of the statute should be viewed as directory rather than mandatory.[5]Caron, 25 Conn. App. at 67.
Section 7-103 contains no requirement that the officer's resignation be addressed to the Town Clerk, nor does it contain language that would invalidate the submission of the resignation to the Town Clerk through a middleman.[6] Further, the section does not make the effective date of the resignation contingent upon the officer's direct submission of his resignation to the Town Clerk. Under Section 7-103, the resignation becomes effective "upon the date specified therein or, if no date is so specified, upon the date of its submission." C.G.S. § 7-103.
The evidence produced at the hearings showed that Cole's January 17, 1995, resignation letter was submitted to Metsack by Becker on January 25, 1995, and therefore, complied with the requirements of Section7-103. As a general rule, where the acceptance of a resignation is not required under the statute, the resignation takes effect on the date specified in the CT Page 12456 written resignation. McQuillan, Municipal Corporations,
Vol. 3, § 12.122. Under the terms of Section7-103, Cole's resignation took effect on the date of its submission to the Town Clerk, January 25, 1995, because Cole did not specify an effective date in the letter.
The Plaintiff argues, in the alternative, that even if Cole's resignation through Becker at some point became effective, it was withdrawn by his letter of January 25, 1995, addressed to Becker. Plaintiff's Trial Brief, p. 14. However, where a resignation "need not be accepted or otherwise acted upon, it usually cannot be withdrawn after its effective date." Id. Section 7-103
clearly does not require the Town Clerk's acceptance of the officer's resignation in order for it to become effective. Although Metsack maintains the position that Cole's resignation was invalid and that she has never accepted it, her acceptance is not required by the statute. Cole would, therefore, be unable to withdraw his resignation after its January 25, 1995 effective date.
Further, Cole's written withdrawal of his resignation addressed to Becker, dated January 25, 1995, did not reach Becker until on or about February 2, 1995, after the resignation was already effective. Cole's letter to Metsack of February 8, 1995, was not received by Metsack until February 10, 1995, also well after the effective date of his resignation.
Because Cole's resignation complied with Section7-103 and was not withdrawn prior to its becoming effective, a vacancy was created on the BOF on January 25, 1995. Accordingly, pursuant to § 7-343 C.G.S., the BOF vacancy should be included on the November, 1995 ballot for the municipal election in the Town of Ashford.