[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff in this action appeals from a Department of Social Services (D.S.S.) "fair hearing" decision which placed a lien (to recoup welfare payments for Plaintiff's dependant child pursuant to General Statutes § 17b-93 and § 17b-94) on the Plaintiff's personal injury action.
The sole issue raised by the appeal is whether the failure of D.S.S. to hold a fair hearing within thirty days of receipt of his request invalidates the lien.[1]
The Plaintiff's appeal is authorized by General Statutes § 17b-61 (c)(1) and § 4-183 of the Uniform Administrative Appeals Act.
The Appeal was filed November 12, 1996; the Record on December 13, 1996; Plaintiff's Brief on March 3, 1997; and Defendant's Brief on April 22, 1997. The parties were heard at oral argument on August 27, 1997.
Section 17b-60 provides in pertinent part: "The commissioner shall thereupon hold a fair hearing within thirty days from receipt thereof. . . ."
The statute uses a definitive term (shall) for the time period but contains no explicit penalty or consequence for an administrative failure to comply. CT Page 9067
The use of shall is significant but not dispositive. "We have noted, however, that the use of this word `shall' though significant, does not invariably establish a mandatory duty."Angelsea Productions, Inc. v. CHRO, 236 Conn. 681, 690 (1996).
Counterbalanced against the use of "shall" we have the omission from the statute of an explicit consequence, and a policy favoring jurisdiction. "In interpreting statutory provisions, we have held that legislative intent is to be determined by reference to the language of the statute, its legislative history and surrounding circumstances, the policy the limitation was intended to implement, and the statute's relationship to existing legislation and common law principles governing the same general subject matter. We have also held that every presumption is to be indulged in favor of jurisdiction."Iovieno v. Commissioner of Corrections, 242 Conn. 689, 695
(1997). (Internal quotation marks and citations omitted.) The analysis of a statutory time limitation is a question of statutory construction. Ambroise v. William Raveis Real Estate,226 Conn. 737, 764-65 (1993).
The language of the statute suggests a mandatory duty by the use of "shall." The legislative history establishes the existence of a D.S.S. hearing requirement without a time parameter. The time provision regarding the fair hearing was added by No. 96 of the 1959 Public Acts. There is little guidance concerning the purpose of this amendment.
In Angelsea, supra, the Supreme Court held:
 The test we have adopted for determining whether such a statutory requirement is mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to a matter material or immaterial to matters of convenience or of substance. . . . If it is a matter of convenience, the statutory provision is a matter of convenience; if it is a matter of substance, the statutory provision is mandatory. Stated another way, language is deemed to be mandatory if the mode of action is of the essence of the purpose to be accomplished by the statute but will be considered directory if the CT Page 9068 failure to comply with the requirement does not compromise the purpose of the statute. (Internal quotation marks and citations omitted.) 236 Conn. at 690.
The purpose of § 17b-60 is to afford persons dealing with D.S.S. the opportunity to dispute D.S.S. decisions at the administrative level. In this case, the failure to hold the hearing within thirty days did not compromise the purpose of the statute. Plaintiff was afforded the opportunity to contest the lien on the merits. Plaintiff does not assert in the context of his case, an overriding necessity for such expeditious resolution. Past AFDC benefits had been provided for Plaintiff's child, his obligation to repay such benefits is a statutorily mandated, § 17b-93. The policy directing such repayment need not be frustrated by a non-prejudicial delay in the hearing to fix the scope of the lien on a personal injury case.
Plaintiff cites cases, Persico v. Maher, 191 Conn. 384, (1983) and Labbe v. Norton, U.S.D.C. Dist. of Conn. #H136, November 4, 1974; which overturned D.S.S. fair hearing decisions not issued within sixty days of a hearing as required by 17b-60. The cases are distinguishable because they are based on requirements of federal law, absent from this case.
The case of ARI, Inc. v. Department of Income Maintenance,
J.D. of Stamford at Stamford CV92-0123733 March 2, 1994 (Maloney J.) held that § 17-2b (a) now § 17b-61 contained directory rather than mandatory time limitations, when unaccompanied by federal time requirements.
Plaintiff has referenced no federal time requirements. The time requirements of § 17b-60 are designed to secure order, system and dispatch in proceedings. "It is a well established maxim of statutory construction that provisions designed to secure order, system and dispatch in proceedings are generally held directory unless accompanied by negative words." (Internal quotation marks and citations omitted.) Caron v. Inland Wetlandsand Water Courses Commission, 222 Conn. 269, 280 (1992). Section17b-60 contains no negative words or implication that the relief sought must be granted if the hearing is not held within thirty days. Lacking such expression, the public policy seeking welfare recoupment liens (§§ 17b-93 and 17b-94) should not be frustrated because of a limited delay in holding the hearing. CT Page 9069
The appeal is dismissed.
Robert F. McWeeny, J.