## LLOYD WRIGHT *v.* TEAMSTERS LOCAL 559
## (AC 30803)

Flynn, C. J., and Bishop and Alvord, Js.*

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

1

Submitted on briefs January 8—officially released August 3, 2010

*Kelly A. Rommel* filed a brief for the appellant (plaintiff).

*Nicole M. Rothgeb* and *Gregg D. Adler* filed a brief for the appellee (defendant).

*Opinion*

FLYNN, C. J. The plaintiff, Lloyd Wright, appeals from the judgment of the trial court dismissing his complaint against the defendant, Teamsters Local 559, for lack of subject matter jurisdiction. The plaintiff claims that the court improperly dismissed his complaint as time barred by the two year statute of limitations set forth in General Statutes § 46a-102.[1] The plaintiff argues that,

---

[1] General Statutes § 46a-102 provides: "Any action brought in accordance with section 46a-100 shall be brought within two years of the date of filing of the complaint with the commission, except that an action may be brought within six months of October 1, 1991, with respect to an alleged violation provided a complaint concerning such violation has been pending with the commission for more than one year as of October 1, 1991, unless the complaint has been scheduled for a hearing."

because the date of his amended complaint should be the controlling date for determining the applicability of the statute of limitations, his action was timely. Because we conclude that his Superior Court complaint was untimely and that it became no more timely as a result of an amendment to the complaint he initially had filed with the commission on human rights and opportunities (commission), we affirm the judgment of the trial court.

The record discloses the following facts. The plaintiff is African-American and a longtime member of the defendant union, Teamsters Local 559. On May 18, 2004, the defendant removed the plaintiff from his position as a union steward when the members of his bargaining unit voted to replace him with another member, who is a Caucasian male. On October 12, 2004, the plaintiff filed a complaint with the commission, alleging that he was the victim of race and color discrimination. Almost one and one-half years later, on April 4, 2006, the plaintiff amended his original commission complaint to add a claim of age discrimination.[2] The plaintiff alleged that he was over the age of forty and that the man who replaced him was much younger. On August 28, 2006, the plaintiff received a release of jurisdiction from the commission. Thereafter, on November 28, 2006, he commenced an action in Superior Court. On February 7, 2007, the plaintiff revised his complaint at the defendant's request.[3]

---

[2] The plaintiff also listed other actions that he claims the defendant and its Caucasian business manager, Thomas Gilmartin, took against him in the years prior to the May 18, 2004 vote. He contends that all of these claims were motivated by race or age animus.

[3] The revised complaint before the court alleged violations of the Connecticut Fair Employment Practices Act, General Statutes § 46a-51 et seq. Specifically, it was brought pursuant to General Statutes § 46a-60 (a), which provides in relevant part: "It shall be a discriminatory practice in violation of this section . . . (3) [f]or a labor organization, because of the race, color, religious creed, age, sex, marital status, national origin, ancestry, present or past history of mental disability, mental retardation, learning disability or physical disability, including, but not limited to, blindness of any individual to exclude from full membership rights or to expel from its membership

On September 30, 2008, the defendant filed a motion to dismiss, arguing that the plaintiff first filed his administrative complaint with the commission on October 12, 2004, that the action was not commenced in the Superior Court until November 28, 2006, and that it therefore was barred by the two year statute of limitations found in § 46a-102. The court granted the defendant's motion to dismiss for lack of subject matter jurisdiction. This appeal followed.

The plaintiff argues that because he amended his commission complaint to add new allegations of age discrimination, the April 4, 2006 date of the amended commission complaint should be the controlling date for purposes of determining the applicability of the two year statute of limitations set forth in § 46a-102. This distinction is important because the original complaint was filed with the commission on October 12, 2004, *more than* two years before this action was filed in the Superior Court on November 28, 2006. The amended commission complaint, however, was filed on April 4, 2006, *within* two years of the commencement of the present Superior Court action. The plaintiff contends that because the plain language of § 46a-102 does not require dismissal when amended commission complaints are involved and also because case law does not require such a result, his action is not time barred. We are not persuaded.

The standard of review concerning an appeal from the granting of a motion to dismiss is well established. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a

such individual or to discriminate in any way against any of its members or against any employer or any individual employed by an employer, unless such action is based on a bona fide occupational qualification . . . ."

manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Whether the trial court has subject matter jurisdiction is a question of law over which we exercise a plenary standard of review." (Citation omitted; internal quotation marks omitted.) *Mulcahy* v. *Mossa*, 89 Conn. App. 115, 120, 872 A.2d 453, cert. denied, 274 Conn. 917, 879 A.2d 894 (2005). The plaintiff's claim involves the proper application of § 46a-102, and because statutory construction is a question of law, our review of the court's application of the statute is plenary. See id., 120–21.

The plaintiff's claim requires us to construe § 46a-102 and, thus, presents an issue of statutory interpretation. "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." General Statutes § 1-2z.

Section 46a-102 provides in relevant part: "Any action brought in accordance with section 46a-100 [which provides a cause of action under Connecticut antidiscrimination law] shall be brought *within two years of the date of filing of the complaint with the commission . . . .*" (Emphasis added.) The language of § 46a-102 is unambiguous, and we, therefore, need not look beyond the plain language of the statute. Section 46a-102 requires a plaintiff to file his or her action in the Superior Court within two years of filing a commission complaint,[4] and the statute of limitations contained in that

---

[4] The plaintiff does not dispute that § 46a-102 required him to file his complaint in the Superior Court within two years of filing his administrative complaint with the commission. The plaintiff, however, argues that this time limitation does not apply in this case because he amended his complaint with the commission, which reset the statute of limitations.

section is not extended by filing later amendments to the commission complaint.

The question before the court was not whether the Superior Court complaint was timely filed under § 46a-102 when using the original commission complaint to start the running of the statute of limitations, but, rather, whether the plaintiff's allegation of age discrimination, raised for the first time in the amended commission complaint, related back to his original commission complaint under the relation back doctrine and, if not, whether this amendment extended the statutory time to bring the action in the Superior Court pursuant to § 46a-102. The plaintiff claims that the allegation of age discrimination was a new, factual allegation not contained in the original commission complaint and that it was made within two years of filing his Superior Court complaint, therefore rendering the court action timely. We disagree with the plaintiff.

In reviewing whether the court properly concluded that the relation back doctrine applied to the amended commission complaint, we look to our well established common-law rules governing that doctrine established by our courts. "[I]t is well settled that an amended complaint relates back to and is treated as filed at the time of the original complaint unless it alleges a new cause of action. . . . Thus, an amendment cannot allege a new cause of action that would be barred by the statute of limitations if filed independently." (Citation omitted.) *Miller* v. *Fishman*, 102 Conn. App. 286, 298, 925 A.2d 441 (2007), cert. denied, 285 Conn. 905, 942 A.2d 414 (2008).

We also find our Supreme Court's reasoning in a negligence case instructive as to how amendments to complaints brought within the statute of limitations relate back to the original complaint. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and

which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . . ." (Internal quotation marks omitted.) *Alswanger* v. *Smego*, 257 Conn. 58, 64–65, 776 A.2d 444 (2001).

The defendant argues, and the court found, that the allegations of age discrimination amplify and expand what already had been alleged in support of the plaintiff's discrimination claim. We agree. In this case, the relation back doctrine applied because the allegations of age discrimination involved the same set of facts, actors, claims of harm and injury, and also the same statutory provision, § 46a-102. See id. Like the race and color claims in the first commission complaint, the allegations of age discrimination stemmed from the defendant's replacement of the plaintiff during the May 18, 2004 steward election and its alleged representation of him on prior occasions.

Section 46a-54-38a (b) of the Regulations of Connecticut State Agencies (commission regulation) mirrors our common law and directly addresses the issue before us. It provides: "A complaint may be amended to restate its contents on a commission complaint form to cure technical defects and omissions or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts that constitute discriminatory practices which are reasonably like or related to or growing out of the allegations of the original complaint, including those facts discovered during the investigation of the original complaint, and *including additional protected class status* or naming additional respondents who have had notice of the complaint, relate back to the date the complaint was first received." (Emphasis added.) Regs., Conn. State Agencies § 46a-54-38a (b).

General Statutes § 46a-54 (5) provides the commission with the power "[t]o adopt, publish, amend and rescind regulations consistent with and to effectuate the provisions of this chapter . . . ." Furthermore, "[r]egulations have the force and effect of statutes and are construed in accordance with accepted rules of statutory construction." *Caron* v. *Inland Wetlands & Watercourses Commission*, 25 Conn. App. 61, 65–66, 592 A.2d 964 (1991), aff'd, 222 Conn. 269, 610 A.2d 584 (1992); see also *Commission on Hospitals & Health Care* v. *Stamford Hospital*, 208 Conn. 663, 668, 546 A.2d 257 (1988) ("validly enacted regulations of an administrative agency carry the force of statutory law"). Because the plain language of the commission regulation states that an amended complaint "including additional protected class status . . . relate[s] back to the date the complaint was first received"; Regs., Conn. State Agencies § 46a-54-38a (b); there can be no doubt in this case that the allegations of age discrimination

relate back to the race and color allegations in the original commission complaint.

Furthermore, the defendant argues that the plaintiff's amended complaint was dismissed properly for lack of subject matter jurisdiction. The defendant argues that because the plaintiff first filed his administrative complaint with the commission on October 12, 2004, and the present action was not commenced in the Superior Court until November 28, 2006, the action in the Superior Court was barred by the two year statute of limitations found in § 46a-102 and should be dismissed. We agree that the court properly dismissed the action. We need not address, however, whether the plaintiff's failure to bring the action within two years of the filing of his complaint with the commission deprived the court of subject matter jurisdiction. In light of our determinations that the plaintiff does not dispute that the two year provision in § 46a-102 is mandatory and also that he failed to comply with that provision, the court properly dismissed the action in the absence of any claim of waiver, consent or equitable tolling. See *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 284, 777 A.2d 645, aff'd after remand, 67 Conn. App. 316, 786 A.2d 1283 (2001).

On the basis of our review of the pleadings and the law, we conclude that the plaintiff's Superior Court complaint was untimely. Because we determined that the plaintiff's amended commission complaint and the allegations of age discrimination relate back to the date of the original commission complaint and also that the plaintiff failed to bring his action in the Superior Court within two years of the filing of his complaint with the commission pursuant to § 46a-102, we conclude that the court properly dismissed the plaintiff's action.

The judgment is affirmed.

In this opinion the other judges concurred.